No. 21-1008

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

――――――――――――

ANDERSON COUTINHO SILVA,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA and BRANDON SHAW,

Defendants-Appellees.

――――――――――――

On Appeal from the U.S. District Court
for the District of Colorado,
No. 1:19-CV-02563-CMA-MEH, Hon. Christine M. Arguello

――――――――――――

## APPELLANT'S APPENDIX

――――――――――――

Samuel Weiss
RIGHTS BEHIND BARS
416 Florida Avenue NW
  #26152
Washington, DC 20001
202-455-4399
sam@rightsbehindbars.org

Elizabeth R. Cruikshank
INSTITUTE FOR CONSTITUTIONAL
ADVOCACY & PROTECTION
Georgetown University Law Center
600 New Jersey Avenue NW
Washington, DC 20001
202-662-9042
erc56@georgetown.edu

*Counsel for Plaintiff-Appellant*

# INDEX TO APPENDIX

**Page**

District Court Docket Report ..................................................................... App. 1

Supporting Brief to Amended Complaint (Dkt. 19),
Nov. 21, 2019 ......................................................................................... App. 12

Amended Complaint (Dkt. 21)
Dec. 2, 2019 ........................................................................................... App. 14

Supplement to Amended Complaint (Dkt. 27),
Jan. 9, 2020 ............................................................................................ App. 22

Motion to Dismiss (Dkt. 68),
July 13, 2020 .......................................................................................... App. 24

Opposition to Motion to Dismiss (Dkt. 77),
Aug. 7, 2020 ........................................................................................... App. 37

Reply in Support of Motion to Dismiss (Dkt. 83),
Aug. 20, 2020 ......................................................................................... App. 41

Statement (Dkt. 89),
Aug. 31, 2020 ......................................................................................... App. 47

Recommendation of United States Magistrate Judge (Dkt. 96),
Sept. 10, 2020 ........................................................................................ App. 48

Objection to Report and Recommendation (Dkt. 99),
Sept. 25, 2020 ........................................................................................ App. 62

Order Adopting Recommendation of United States Magistrate Judge (Dkt. 103),
Dec. 29, 2020 ......................................................................................... App. 67

Final Judgment (Dkt. 104),
Dec. 29, 2020 ......................................................................................... App. 81

Notice of Appeal (Dkt. 106),
Jan. 13, 2021 .......................................................................................... App. 83

CERTIFICATE OF SERVICE

ALLMTN,APPEAL,JD4,TERMED

# U.S. District Court - District of Colorado
## District of Colorado (Denver)
### CIVIL DOCKET FOR CASE #: 1:19-cv-02563-CMA-MEH

| | |
|---|---|
| Coutinho Silva v. USA et al | Date Filed: 09/09/2019 |
| Assigned to: Judge Christine M. Arguello | Date Terminated: 12/29/2020 |
| Referred to: Magistrate Judge Michael E. Hegarty | Jury Demand: Plaintiff |
| Demand: $10,000,000 | Nature of Suit: 550 Prisoner - Civil Rights |
| Case in other court:  USCA, 21-01008 | (U.S. not a defendant) |
| Cause: 42:1983 Prisoner Civil Rights | Jurisdiction: Federal Question |

**Plaintiff**

**Anderson Coutinho Silva**                    represented by    **Anderson Coutinho Silva**
                                                                 #64654-066
                                                                 FLORENCE ADMAX
                                                                 U.S. PENITENTIARY
                                                                 Inmate Mail/Parcels
                                                                 PO BOX 8500
                                                                 FLORENCE, CO 81226
                                                                 PRO SE

V.

**Defendant**

**USA**                                        represented by    **Logan Ann Steiner**
                                                                 U.S. Attorney's Office-Denver
                                                                 1801 California Street
                                                                 Suite 1600
                                                                 Denver, CO 80202
                                                                 303-454-0233
                                                                 Email: logan.steiner@usdoj.gov
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Shaw**                                       represented by    **Logan Ann Steiner**
*C.O.*                                                           (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**D. Keehan**
*C.O.*
*TERMINATED: 07/01/2020*

**Defendant**

**J. Welch**
*C.O.*

App. 001

TERMINATED: 07/01/2020

**Defendant**

**J. Bonetto**
*C.O.*
*TERMINATED: 07/01/2020*

**Interested Party**

CASE MANAGER FOR Anderson       represented by   **CASE MANAGER FOR Anderson**
Coutinho Silva                                    **Coutinho Silva**
                                                  FLORENCE HIGH
                                                  U.S. PENITENTIARY
                                                  Inmate Mail/Parcels
                                                  P.O. BOX 7000
                                                  FLORENCE, CO 81226
                                                  PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 09/09/2019 | 1 | **STRICKEN** - Prisoner COMPLAINT against Shawl, USA, filed by Anderson Coutinho Silva. (Attachments: # 1 Attachment, # 2 Envelope)(rsams, ) Modified on 6/2/2020 re: 6 Minute Order (apesa, ). (Entered: 09/10/2019) |
| 09/09/2019 | 2 | Case assigned to Magistrate Judge Gordon P. Gallagher. Text Only Entry. (rsams, ) (Entered: 09/10/2019) |
| 09/09/2019 | 3 | Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. 1346 Tort Claim by Plaintiff Anderson Coutinho Silva. (rsams, ) (Entered: 09/10/2019) |
| 09/09/2019 | 4 | MOTION for Appointment of Court Appointed Counsel by Plaintiff Anderson Coutinho Silva. (rsams, ) (Entered: 09/10/2019) |
| 09/09/2019 | 5 | MOTION Requesting the Court Take Judicial Notice of the Following Adjudicative Facts Pursuant to Rule 201 (c)(2) by Plaintiff Anderson Coutinho Silva. (rsams, ) (Entered: 09/10/2019) |
| 09/10/2019 | 6 | ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES within thirty (30) days from the date of this order. Any papers that Plaintiff files in response to this order must include the civil action number on this order. That, if Plaintiff fails to cure all of the designated deficiencies within thirty (30) days from the date of this order, the action will be dismissed without further notice. The dismissal shall be without prejudice. That the Prisoner's Motion and Affidavit to Proceed Pursuant to 28 U.S.C. § 1346 Tort Claim (ECF No. 3 ) is denied as improperly filed. That the Motion for Appointment of Court Appointed Counsel (ECF No. 4 ) is denied as premature and that the Motion Requesting the Court Take Judicial Notice of the Following Adjudicative Facts Pursuant to Rule 201(c)(2) (ECF No. 5 ) is denied as premature because this action is under initial review, by Magistrate Judge Gordon P. Gallagher on 9/10/2019.(evana, ) (Entered: 09/11/2019) |
| 10/04/2019 | 7 | Inmate Trust Account STATEMENT by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 10/07/2019) |
| 10/11/2019 | 8 | SECOND ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES within thirty (30) days from the date of this order. Any papers that Plaintiff files in response to this order must include the civil action number on this order. That, if Plaintiff fails to cure all of the designated deficiencies within thirty (30) days from the date of this order, the action |

App. 002

Appellate Case: 21-1008     Document: 010110569196     Date Filed: 08/30/2021     Page: 5

| | | |
|---|---|---|
| | | will be dismissed without further notice. The dismissal shall be without prejudice, by Magistrate Judge Gordon P. Gallagher on 10/11/2019. (evana, ) (Entered: 10/11/2019) |
| 10/15/2019 | 9 | MOTION to Appoint Counsel by Plaintiff Anderson Coutinho Silva. (Attachments: # 1 Envelope)(evana, ) (Entered: 10/16/2019) |
| 10/15/2019 | 10 | Letter from Anderson Coutinho Silva (Attachments: # 1 Envelope) (evana, ) (Entered: 10/16/2019) |
| 10/15/2019 | 11 | Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. 1915. by Plaintiff Anderson Coutinho Silva. (Attachments: # 1 Envelope)(evana, ) (Entered: 10/16/2019) |
| 10/15/2019 | 12 | Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. 1915. by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 10/16/2019) |
| 10/21/2019 | 13 | Supporting BRIEF re 12 Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. 1915. by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 10/21/2019) |
| 11/07/2019 | 14 | MOTION for forms to be sent, by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 11/08/2019) |
| 11/08/2019 | 15 | Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. 1915. by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 11/08/2019) |
| 11/12/2019 | 16 | ORDER that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 11 ) is granted. That Plaintiff may proceed in this action without payment of an initial partial filing fee. That Plaintiff's custodian shall disburse from Plaintiff's inmate account monthly payments of 20 percent of the preceding month's income credited to his inmate account until Plaintiff has paid the total filing fee of $350. See 28 U.S.C. § 1915(b)(2). Interference by Plaintiff in the submission of these funds will result in the dismissal of this action. That Plaintiff's custodian shall continue to disburse monthly payments from Plaintiff's inmate account until full payment of the filing fee has been paid to the Court, even after disposition of the case and regardless of whether relief is granted or denied. That the Clerk of the Court shall send a copy of this order to FLM/Legal Svcs~@bop.gov. That Plaintiff's second motion to appoint counsel (ECF No. 9 ) is denied as premature because this action is under initial review. That Plaintiff's additional motions to proceed under § 1915 and requests for forms (ECF Nos. 12 , 14 , 15 ) are denied as moot, by Magistrate Judge Gordon P. Gallagher on 11/12/2019.(sent as ordered)(evana, ) (Entered: 11/12/2019) |
| 11/13/2019 | 17 | ORDER TO FILE AMENDED PRISONER COMPLAINT within thirty (30) days from the date of this order, an amended prisoner complaint that complies with all directives contained in this order. That, along with a copy of this order, the Clerk of Court is directed to mail to Plaintiff one blank copy of the court-approved Prisoner Complaint form and applicable instructions. That, if Plaintiff fails to file an amended prisoner complaint that complies with this order within the time allowed, the action will be dismissed without further notice, by Magistrate Judge Gordon P. Gallagher on 11/13/2019. (mailed as ordered) (evana, ) (Entered: 11/13/2019) |
| 11/18/2019 | 18 | AMENDED COMPLAINT against Shaw, USA, filed by Anderson Coutinho Silva. (evana, ) (Entered: 11/19/2019) |
| 11/21/2019 | 19 | Supporting BRIEF re 18 Amended Complaint by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 11/22/2019) |
| 12/02/2019 | 20 | MOTION #2 to Proof I been Suffering Retaliation and take Judicial Notice by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 12/03/2019) |
| 12/02/2019 | 21 | AMENDED COMPLAINT against Shaw, USA, D. Keehan, J. Welch, J. Bonetto, filed by |

Appellate Case: 21-1008    Document: 010110569196    Date Filed: 08/30/2021    Page: 6

Anderson Coutinho Silva.(evana, ) (Entered: 12/05/2019)

| | | |
|---|---|---|
| 12/05/2019 | 22 | BRIEF in support of 21 Amended Prisoner Complaint by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 12/06/2019) |
| 12/06/2019 | 23 | MOTION to Appoint Counsel by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 12/09/2019) |
| 12/16/2019 | 24 | MINUTE ORDER. Pursuant to D.C.COLO.LCivR 8.1, the Clerk of Court is directed to assign this matter to Senior Judge Lewis T. Babcock. The undersigned will remain as the assigned magistrate judge, by Magistrate Judge Gordon P. Gallagher on 12/16/2019. All future filings should be designated as 19-cv-2563 LTB. (evana, ) (Entered: 12/16/2019) |
| 12/17/2019 | 25 | ORDER OF REFERENCE TO UNITED STATES MAGISTRATE JUDGE. Pursuant to 28 U.S.C. § 636(b), Fed. R. Civ. P. 72, and D.C.COLO.LCivR 72.1, United States Magistrate Judge Gordon P. Gallagher is designated to conduct proceedings in this civil action as follows: Perform duties set forth in D.C.COLO.LCivR 8.1.; Hear and determine pretrial matters, including all nondispositive motions and other requests seeking court action; Conduct hearings, including evidentiary hearings, at the magistrate judge's discretion; Submit recommendations for rulings on dispositive motions; Submit recommendations for disposition of all or part of this action as required under D.C.COLO.LCivR 8.1, 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and/or 42 U.S.C. § 1997e; Determine and resolve nondispositive post-judgment motions and other requests seeking court action, by Judge Lewis T. Babcock on 12/17/2019. (evana, ) (Entered: 12/17/2019) |
| 12/17/2019 | 26 | RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE that the amended Prisoner Complaint (ECF No. 21 ) be dismissed without prejudice as to defendants D. Keehan, J. Welch, and J. Bonetto for failure to comply with the pleading requirements of Rule 8. That any claim for money damages against the United States of America or against C.O. Shawl, in his official capacity, be dismissed without prejudice based on sovereign immunity. Finally, it is recommended that the amended Prisoner Complaint (ECF No. 21 ) be drawn in remaining part as to defendant C.O. Shawl and the United States of America, by Magistrate Judge Gordon P. Gallagher on 12/17/2019. (evana, ) (Entered: 12/17/2019) |
| 01/09/2020 | 27 | SUPPLEMENT to 21 Amended Complaint by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 01/10/2020) |
| 01/10/2020 | 28 | ORDER that the Recommendation of United States Magistrate (ECF No. 26 ) is accepted and adopted. That the amended Prisoner Complaint (ECF No. 21 ) be DISMISSED WITHOUT PREJUDICE as to defendants D. Keehan, J. Welch, and J. Bonetto for failure to comply with the pleading requirements of Rule 8. That any claim for money damages against the United States of America or against C.O. Shawl, in his official capacity, be DISMISSED WITHOUT PREJUDICE based on sovereign immunity. that the amended Prisoner Complaint (ECF No. 21) be DRAWN IN REMAINING PART to a presiding judge and, if applicable, to a magistrate judge as to defendant C.O. Shawl and the United States of America pursuant to D.C.COLO.LCivR 8.1(c), by Judge Lewis T. Babcock on 1/10/2020.(evana, ) (Entered: 01/13/2020) |
| 01/10/2020 | 29 | CASE REASSIGNED Pursuant to 28 Order on Report and Recommendations. This case is randomly reassigned to Judge Christine M. Arguello and Drawn to Magistrate Judge Michael E. Hegarty. All future pleadings should be designated as 19-cv-02563 CMA. (Text Only Entry) (evana, ) (Entered: 01/13/2020) |
| 01/16/2020 | 30 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Magistrate Judge Michael E. Hegarty is designated to conduct ALLMTN proceedings pursuant to 28 U.S.C. § 636(b) (1) (A) and (B) and Fed. R. Civ. P. 72(a) and (b). The parties should expect to be given a |

| | | |
|---|---|---|
| | | firm trial setting that is 90 to 120 days from the date of the final pretrial conference and should be available for trial accordingly. FURTHER, Court-sponsored alternative dispute resolution is governed by D.C.COLO.LCivR 16.6. On the recommendation or informal request of the magistrate judge or on the request of the parties by motion, the Court may direct the parties to engage in an early neutral evaluation, a settlement conference, or another alternative dispute resolution proceeding, by Judge Christine M. Arguello on 1/16/2020. (evana, ) (Entered: 01/16/2020) |
| 01/17/2020 | 31 | MOTION for Order for the Court to take Judicial Notice by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 01/17/2020) |
| 01/21/2020 | 32 | MINUTE ORDER by Magistrate Judge Michael E. Hegarty on 1/21/2020. Status Conference set for 3/30/2020 10:00 AM in Courtroom A 501 before Magistrate Judge Michael E. Hegarty. (tsher, ) (Entered: 01/21/2020) |
| 01/21/2020 | 33 | CERTIFICATE of Service by Mail by Clerk of Court re 32 Minute Order to CASE MANAGER FOR Anderson Coutinho Silva #64654-066 Florence ADMAX U.S. Penitentiary P.O. Box 8500 Florence, CO 81226 Text Only Entry (tsher, ) (Entered: 01/21/2020) |
| 01/21/2020 | 34 | Letter from Anderson Coutinho Silva (evana, ) (Entered: 01/22/2020) |
| 01/22/2020 | 35 | MEMORANDUM regarding Plaintiff's 31 Motion for Order for the Court to Take Judicial Notice. Motion referred to Magistrate Judge Michael E. Hegarty by Judge Christine M. Arguello on 1/22/2020. Text Only Entry (cmalc1) (Entered: 01/22/2020) |
| 01/22/2020 | 36 | MEMORANDUM regarding 20 MOTION for Order to filed by Anderson Coutinho Silva, 31 MOTION for Order to filed by Anderson Coutinho Silva, 23 MOTION to Appoint Counsel filed by Anderson Coutinho Silva. Motions referred to Magistrate Judge Michael E. Hegarty, by Judge Christine M. Arguello on 1/22/2020. (evana, ) (Entered: 01/22/2020) |
| 01/22/2020 | 37 | MINUTE ORDER denying without prejudice 20 Motion for Order and denying with prejudice 31 Motion for Order, by Magistrate Judge Michael E. Hegarty on 1/22/2020. (tsher, ) (Entered: 01/22/2020) |
| 01/22/2020 | 38 | MINUTE ORDER denying without prejudice 23 Motion for Appointment of Counsel by Magistrate Judge Michael E. Hegarty on 1/22/2020.(tsher, ) (Entered: 01/22/2020) |
| 02/06/2020 | 39 | MOTION for Order requesting an interpreter for the hearing on 3/30/2020, by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 02/07/2020) |
| 02/10/2020 | 40 | MEMORANDUM regarding Plaintiff's 39 Motion for Order requesting an interpreter for the hearing on 3/30/2020. Motion referred to Magistrate Judge Michael E. Hegarty by Judge Christine M. Arguello on 2/10/2020. Text Only Entry (cmalc1) (Entered: 02/10/2020) |
| 02/10/2020 | 41 | ORDER denying without prejudice 39 Motion Requesting an Interpreter by Magistrate Judge Michael E. Hegarty on 2/10/2020.(tsher, ) (Entered: 02/10/2020) |
| 03/06/2020 | 42 | MOTION for Order to take judicial notice, by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 03/09/2020) |
| 03/11/2020 | 43 | MEMORANDUM regarding Plaintiff's 42 MOTION for Order to take judicial notice. Motion referred to Magistrate Judge Michael E. Hegarty by Judge Christine M. Arguello on 3/11/2020. Text Only Entry (cmalc1) (Entered: 03/11/2020) |
| 03/12/2020 | 44 | MINUTE ORDER denying without prejudice 42 Motion to Take Judicial Notice, by Magistrate Judge Michael E. Hegarty on 3/12/2020.(tsher, ) (Entered: 03/12/2020) |
| 03/23/2020 | 45 | MINUTE ORDER Due to current concerns regarding potential transmission of COVID- |

App. 005

Appellate Case: 21-1008　　Document: 010110569196　　Date Filed: 08/30/2021　　Page: 8

| | | 19, during the week of March 30, 2020, all hearings and conferences before Magistrate Judge Hegarty will be conducted by telephone unless otherwise ordered or requested by counsel or a pro se party. Counsel and any unrepresented non-prisoner parties shall first teleconference together, then call my chambers at 303-844-4507 at the appointed time of the hearing or conference. Counsel for Defendant(s) in any prisoner action shall attempt to arrange a teleconference with the corrections facility first before calling my chambers at the appointed time. Any questions regarding this procedure may be directed to my chambers at the above-referenced telephone number or at hegarty_chambers@cod.uscourts.gov. By Magistrate Judge Michael E. Hegarty on 03/23/2020. Text Only Entry (mehlc1 , ) (Entered: 03/23/2020) |
|---|---|---|
| 03/30/2020 | 46 | CERTIFICATE of Service by Clerk of Court re 28 Order on Report and Recommendations and 21 Amended Prisoner Complaint for Service of Process. (cmadr, ) (Attachment: # 1 USPS Certified Mail Receipt) (cmadr, ). Modified to correct entry on 3/31/2020 (cmadr, ). (Entered: 03/30/2020) |
| 03/30/2020 | 47 | COURTROOM MINUTES for proceedings held before Magistrate Judge Michael E. Hegarty: Status Conference held on 3/30/2020. FTR: A501. (cthom, ) (Entered: 03/30/2020) |
| 04/13/2020 | 48 | RECEIPT for Certified Mail, Green Card re: 46 Certificate of Service, Upon the United States Attorney General, served 4/9/2020 (evana, ) (Entered: 04/13/2020) |
| 05/04/2020 | 49 | Letter from Anderson Coutinho Silva (evana, ) (Entered: 05/04/2020) |
| 05/18/2020 | 50 | Letter requesting copies of 49 filed 5/4/2020 by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 05/18/2020) |
| 05/19/2020 | 51 | MEMORANDUM regarding 50 MOTION for Order to filed by Anderson Coutinho Silva. Motion referred to Magistrate Judge Michael E. Hegarty by Judge Christine M. Arguello on 5/19/2020. Text Only Entry (cmasec) (Entered: 05/19/2020) |
| 05/19/2020 | 52 | MINUTE ORDER, by Magistrate Judge Michael E. Hegarty on 5/19/2020. The Court will grant the motion and direct the Clerk of the Court to mail a copy of the NEF for the document filed at ECF 49 . The Clerk of the Court is directed to mail a form Prisoner Complaint with a copy of this order to the Plaintiff. (apesa, ) Mailed as ordered. (Entered: 05/19/2020) |
| 05/22/2020 | 53 | First MOTION for Extension of Time to File Answer or Otherwise Respond re 21 Amended Complaint by Defendants Shaw, USA. (Steiner, Logan) (Entered: 05/22/2020) |
| 05/26/2020 | 54 | MEMORANDUM regarding 53 First MOTION for Extension of Time to File Answer or Otherwise Respond re 21 Amended Complaint filed by Shaw, USA. Motion referred to Magistrate Judge Michael E. Hegarty by Judge Christine M. Arguello on 5/26/2020. Text Only Entry (cmasec) (Entered: 05/26/2020) |
| 05/26/2020 | 55 | MINUTE ORDER, by Magistrate Judge Michael E. Hegarty on 5/26/2020. For good cause shown, Defendants' Motion for Extension of Time to Respond to Complaint [filed May 22, 2020; ECF 53 ] is granted. Defendants shall file an answer or other response to the operative pleading on or before July 13, 2020. In addition, a Preliminary Scheduling/Status Conference will be held before this Court on July 22, 2020, at 1:45 p.m., in the Alfred A. Arraj U.S. Courthouse, Courtroom A-501, 901 19th Street, Denver, Colorado. (apesa, ) (Entered: 05/26/2020) |
| 05/26/2020 | 56 | CERTIFICATE of Mailing/Service re 55 Order on Motion for Extension of Time to Answer or Otherwise Respond, mailed to CASE MANAGER FOR Anderson Coutinho Silva #64654-066 Florence ADMAX U.S. Penitentiary P.O. Box 8500 Florence, CO 81226. (apesa, ) (Entered: 05/26/2020) |

| 06/01/2020 | 57 | MOTION to Appoint Counsel by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 06/01/2020) |
| 06/01/2020 | 58 | **STRICKEN**--AMENDED COMPLAINT against J. Bonetto, D. Keehan, Shaw, J. Welch, filed by Anderson Coutinho Silva.(evana, ) Modified to add stricken pursuant to 60 on 7/1/2020 (cmadr, ). (Entered: 06/01/2020) |
| 06/01/2020 | 59 | MEMORANDUM regarding 57 MOTION to Appoint Counsel filed by Anderson Coutinho Silva. Motion referred to Magistrate Judge Michael E. Hegarty by Judge Christine M. Arguello on 6/1/2020. Text Only Entry (cmasec) (Entered: 06/01/2020) |
| 06/02/2020 | 60 | MINUTE ORDER, by Magistrate Judge Michael E. Hegarty on 6/2/2020. Plaintiff's ECF 57 Motion is denied without prejudice with leave to re-file after the case becomes at issue. The Clerk of the Court is directed to strike the Prisoner Complaint(apesa, ) (Entered: 06/02/2020) |
| 06/10/2020 | 61 | NOTICE of filing signature page to 58 Amended Complaint by Plaintiff Anderson Coutinho Silva (evana, ) (Entered: 06/10/2020) |
| 06/15/2020 | 62 | NOTICE of filing First Page of Amended re 58 Prisoner Amended Complaint by Plaintiff Anderson Coutinho Silva (Attachments: # 1 Envelope)(evana, ) (Entered: 06/15/2020) |
| 06/17/2020 | 63 | MINUTE ORDER, by Magistrate Judge Michael E. Hegarty on 6/17/2020. The Court finds Plaintiff may desire to amend the operative pleading and, therefore, directs the Clerk of the Court to attach to this Order a form Prisoner Complaint for the Plaintiff's use. (Mailed as ordered) (apesa, ) (Entered: 06/17/2020) |
| 06/29/2020 | 64 | NOTICE of Change of Address/Contact Information by Plaintiff Anderson Coutinho Silva (evana, ) (Entered: 06/29/2020) |
| 07/01/2020 | 65 | MINUTE ORDER by Magistrate Judge Michael E. Hegarty on 1 July 2020. Due to a conflict in the Court's calendar, the Preliminary Scheduling/Status Conference set in this case on July 22, 2020, will commence at 10:15 a.m. that same day in the Alfred A. Arraj U.S. Courthouse, Courtroom A-501, 901 19th Street, Denver, Colorado. The parties shall participate in this conference by telephone. Counsel for the Defendants, Plaintiff, his case manager or a representative of the facility, and the public shall call the followingconference line at the appointed time: Number: 888-278-0296. Access code: 8212991#. In addition to notice of filing of this Minute Order being provided to the parties, it is ORDERED that the office of the Clerk shall mail a copy of this Minute Order to the following: CASE MANAGER FOR Anderson Coutinho Silva, #64654-066 FLORENCE HIGH U.S. PENITENTIARY P.O. BOX 7000 FLORENCE, CO 81226. (mailed as ordered.) (cmadr, ) (Entered: 07/01/2020) |
| 07/01/2020 | 66 | CERTIFICATE of Service by Mail by Clerk of Court re 65 Minute Order to CASE MANAGER FOR Anderson Coutinho Silva #64654-066 FLORENCE HIGH U.S. PENITENTIARY P.O. BOX 7000 FLORENCE, CO 81226. Text Only Entry (cmadr, ) (Entered: 07/01/2020) |
| 07/13/2020 | 67 | NOTICE of Entry of Appearance by Logan Ann Steiner on behalf of Shaw, USA (Steiner, Logan) (Entered: 07/13/2020) |
| 07/13/2020 | 68 | MOTION to Dismiss by Defendants Shaw, USA. (Steiner, Logan) (Entered: 07/13/2020) |
| 07/14/2020 | 69 | MEMORANDUM regarding 68 MOTION to Dismiss filed by Shaw, USA. Motion referred to Magistrate Judge Michael E. Hegarty by Judge Christine M. Arguello on 7/14/2020. Text Only Entry (cmasec) (Entered: 07/14/2020) |
| 07/20/2020 | 70 | Partial MOTION for Summary Judgment *on Plaintiff's claim against Defendant Shaw in his individual capacity* by Defendants Shaw, USA. (Attachments: # 1 Movant's |

App. 007

| | | |
|---|---|---|
| 07/20/2020 | 71 | MOTION to Stay *Discovery Pending Resolution of Motion to Dismiss and Motion for Partial Summary Judgment* by Defendants Shaw, USA. (Steiner, Logan) (Entered: 07/20/2020) |
| 07/20/2020 | 72 | MEMORANDUM regarding 71 MOTION to Stay *Discovery Pending Resolution of Motion to Dismiss and Motion for Partial Summary Judgment* filed by Shaw, USA. Motion referred to Magistrate Judge Michael E. Hegarty by Judge Christine M. Arguello on 7/20/2020. Text Only Entry (cmasec) (Entered: 07/20/2020) |
| 07/20/2020 | 73 | MEMORANDUM regarding 71 MOTION to Stay *Discovery Pending Resolution of Motion to Dismiss and Motion for Partial Summary Judgment* filed by Shaw, USA, 70 Partial MOTION for Summary Judgment *on Plaintiff's claim against Defendant Shaw in his individual capacity* filed by Shaw, USA. Motions referred to Magistrate Judge Michael E. Hegarty by Judge Christine M. Arguello on 7/20/2020. Text Only Entry (cmasec) (Entered: 07/20/2020) |
| 07/22/2020 | 74 | COURTROOM MINUTES for proceedings held before Magistrate Judge Michael E. Hegarty: Scheduling Conference held on 7/22/2020. 71 Motion to Stay Discovery is GRANTED. Plaintiff shall respond to pending motions by August 10, 2020. FTR: A501. (cthom, ) (Entered: 07/22/2020) |
| 07/29/2020 | 75 | NOTICE of Entry of Appearance by Logan Ann Steiner on behalf of USA (Steiner, Logan) (Entered: 07/29/2020) |
| 08/07/2020 | 76 | RESPONSE to 71 MOTION to Stay *Discovery Pending Resolution of Motion to Dismiss and Motion for Partial Summary Judgment* filed by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 08/07/2020) |
| 08/07/2020 | 77 | OPPOSITION to 68 MOTION to Dismiss filed by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 08/10/2020) |
| 08/07/2020 | 78 | OPPOSITION to 70 Partial MOTION for Summary Judgment on Plaintiff's claim against Defendant Shaw in his individual capacity filed by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 08/10/2020) |
| 08/07/2020 | 79 | MOTION to Appoint Counsel by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 08/10/2020) |
| 08/10/2020 | 80 | MEMORANDUM regarding 79 MOTION to Appoint Counsel filed by Anderson Coutinho Silva. Motion referred to Magistrate Judge Michael E. Hegarty by Judge Christine M. Arguello on 8/10/2020. Text Only Entry (cmasec) (Entered: 08/10/2020) |
| 08/12/2020 | 81 | ORDER by Magistrate Judge Michael E. Hegarty on 12 August 2020. IT IS ORDERED that Plaintiff's Motion 79 is denied without prejudice with leave to re-file after the case becomes at issue.(cmadr, ) (Entered: 08/12/2020) |
| 08/17/2020 | 82 | Supporting BRIEF re 78 Response to Motion to Dismiss, 77 Response to Partial Summary Judgement Motion, and 79 Motion to Appoint Counsel by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 08/17/2020) |
| 08/20/2020 | 83 | REPLY to Response to 68 MOTION to Dismiss filed by Defendants Shaw, USA. (Steiner, Logan) (Entered: 08/20/2020) |
| 08/20/2020 | 84 | REPLY to Response to 70 Partial MOTION for Summary Judgment *on Plaintiff's claim against Defendant Shaw in his individual capacity* filed by Defendants Shaw, USA. (Steiner, Logan) (Entered: 08/20/2020) |
| 08/24/2020 | 85 | MOTION for leave to file an Amended Complaint by Plaintiff Anderson Coutinho Silva. |

| | | (evana, ) (Entered: 08/25/2020) |
|---|---|---|
| 08/27/2020 | 86 | MEMORANDUM regarding 85 MOTION to Amend/Correct/Modify filed by Anderson Coutinho Silva. Motion referred to Magistrate Judge Michael E. Hegarty by Judge Christine M. Arguello on 8/27/2020. Text Only Entry (cmasec) (Entered: 08/27/2020) |
| 08/28/2020 | 87 | Minute ORDER by Magistrate Judge Michael E. Hegarty on 28 August 2020. Before the Court is Plaintiff's "Motion for Leave to File an Amended Complaint" 85 . Plaintiff has not attached a proposed amended complaint. Without the proposed pleading, this Court cannot determine whether justice requires leave be granted to amend. For those reasons, Plaintiff's motion is denied without prejudice.(cmadr, ) (Entered: 08/28/2020) |
| 08/31/2020 | 88 | Letter from Anderson Silva (apesa, ) (Entered: 08/31/2020) |
| 08/31/2020 | 89 | STATEMENT by Plaintiff Anderson Coutinho Silva. (apesa, ) (Entered: 08/31/2020) |
| 08/31/2020 | 90 | STATEMENT by Plaintiff Anderson Coutinho Silva. (apesa, ) (Entered: 08/31/2020) |
| 09/04/2020 | 92 | Plaintiff's First Set of Interrogatories to Defendant, by Plaintiff Anderson Coutinho Silva (angar, ) (Entered: 09/09/2020) |
| 09/04/2020 | 93 | In Support and REPLY to 68 MOTION to Dismiss, by Plaintiff Anderson Coutinho Silva. (Attachments: # 1 Envelope)(angar, ) (Entered: 09/09/2020) |
| 09/08/2020 | 91 | STATEMENT OF CLAIMS, by Plaintiff Anderson Coutinho Silva. (apesa, ) (Entered: 09/09/2020) |
| 09/08/2020 | 94 | NOTICE of Change of Address/Contact Information by Plaintiff Anderson Coutinho Silva (angar, ) (Entered: 09/09/2020) |
| 09/08/2020 | 95 | Opposition in REPLY to Defendant's 70 Motion for Partial Summary Judgment, by Plaintiff Anderson Coutinho Silva. (angar, ) (angar, ) (Entered: 09/09/2020) |
| 09/10/2020 | 96 | RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE by Magistrate Judge Michael E. Hegarty on 10 September 2020. The Court respectfully RECOMMENDS that Judge Christine M. Arguello GRANT the Defendants' motion to dismiss 68 as follows: (1) dismiss without prejudice the injunctive relief claims against the United States and Shaw (in his official capacity) pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing; and (2) dismiss with prejudice the excessive force claim against Shaw (in his individual capacity) pursuant to Fed. R. Civ. P. 12(b)(6) for lack of a Bivens remedy. Additionally, the Court respectfully RECOMMENDS Judge Arguello DENY AS MOOT Shaw's motion for partial summary judgment 70 based on the recommendation to dismiss the individual capacity claim with prejudice. (cmadr, ) (Entered: 09/11/2020) |
| 09/21/2020 | 97 | Retaliation Complaint STATEMENT of Claims by Plaintiff Anderson Coutinho Silva. (Attachments: # 1 Envelope)(evana, ) (Entered: 09/22/2020) |
| 09/21/2020 | 98 | NOTICE of continue page for First set of Interrogatories by Plaintiff Anderson Coutinho Silva (Attachments: # 1 Envelope)(evana, ) (Entered: 09/22/2020) |
| 09/25/2020 | 99 | OBJECTION to 96 Report and Recommendations filed by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 09/28/2020) |
| 09/28/2020 | 100 | AFFIDAVIT/Statement by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 09/28/2020) |
| 10/07/2020 | 101 | RESPONSE to Objection to 96 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE filed by Defendants Shaw, USA. (Steiner, Logan) (Entered: 10/07/2020) |
| 12/14/2020 | 102 | AFFIDAVIT Statement by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: |

| 12/29/2020 | 103 | ORDER the September 10, 2020 Recommendation of United States Magistrate Judge (Doc. # 96 ) is AFFIRMED AND ADOPTED as an Order of this Court; Defendants' Motion to Dismiss (Doc. # 68 ) is GRANTED; Plaintiffs claims for injunctive relief against Defendant United States of America and Defendant Shaw in his official capacity, are DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing; Plaintiff's Eighth Amendment excessive force claim against Defendant Shaw in his individual capacity is DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(6) for lack of a Bivens remedy; Defendant Shaw's Partial Motion for Summary Judgment (Doc. # 70 ) is DENIED AS MOOT; The Clerk of Court is directed to close this case, by Judge Christine M. Arguello on 12/29/2020.(evana, ) (Entered: 12/29/2020) |
|---|---|---|
| 12/29/2020 | 104 | FINAL JUDGMENT in favor of Defendants' Brandon Shaw, and USA; against Anderson Coutinho Silva. Civil Case Terminated by Clerk on 12/29/2020. (babia) Modified on 12/29/2020 to correct typo(babia). (Entered: 12/29/2020) |
| 01/08/2021 | 105 | AFFIDAVIT Statement by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 01/08/2021) |
| 01/13/2021 | 106 | NOTICE OF APPEAL as to 103 Order on Motion to Dismiss, Order on Motion for Summary Judgment, Order on Report and Recommendations, 104 Judgment, Teminated Case by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 01/13/2021) |
| 01/13/2021 | 107 | LETTER Transmitting Notice of Appeal to all counsel advising of the transmittal of the 106 Notice of Appeal filed by Anderson Coutinho Silva to the U.S. Court of Appeals. (Pro Se, Fee not paid and 1915 motion not filed,) (Attachments: # 1 Docket Sheet, # 2 Preliminary Record)(evana, ) (Entered: 01/13/2021) |
| 01/13/2021 | 108 | USCA Case Number 21-1008 for 106 Notice of Appeal filed by Anderson Coutinho Silva. (evana, ) (Entered: 01/15/2021) |
| 02/01/2021 | 109 | DECLARATION in support of Motion to Proceed in Forma Pauperis by Plaintiff Anderson Coutinho Silva. (evana, ) (Entered: 02/02/2021) |
| 02/22/2021 | 110 | RECORD ON APPEAL filed by the U.S. Court of Appeals for the Tenth Circuit as to 106 Notice of Appeal filed by Anderson Coutinho Silva. Volume I - Pleadings; (USCA Case No. 21-1008). TEXT ONLY ENTRY (evana, ) (Entered: 02/22/2021) |
| 03/17/2021 | 111 | ORDER of USCA as to 106 Notice of Appeal filed by Anderson Coutinho Silva. Upon the entry of appearance of counsel, this case will proceed with an appendix, which Appellant will file along with the opening brief. 10th Cir. R. 30.1. The court will set the briefing schedule after Appellant has complied with this order. (USCA Case No. 21-1008) (evana, ) (Entered: 03/18/2021) |
| 05/07/2021 | 112 | USCA Appeal Fees received $ 505, receipt number COX098995; Full Payment (USCA Case No. 21-1008) (athom, ) (Entered: 05/07/2021) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 08/27/2021 07:46:29 | | |
| PACER Login: | elizabethcruikshank | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:19-cv-02563-CMA-MEH |

App. 010

Appellate Case: 21-1008     Document: 010110569196     Date Filed: 08/30/2021     Page: 13

| Billable Pages: | 9 | Cost: | 0.90 |
|---|---|---|---|

App. 011

court case NumBer 1:19-CV-0263-GPG

united States DISTRICT court middle
DISTRICT of Denver

Anderson coutinho-Silva #64654-066
            VS
U.S.A. and C.O. Shawl
Defendants.

Supporting Brief to my motion for
civil Rights complaint form for Prose
Prisoner litigants in actions under
28 U.S.C. § 1331 or § 1346 or 42 U.S.C § 1983

          certificate of service
this Supporting Brief was Placed in the
mail on November 18, 2019 to Be mailed
to the cler of the court.

Anderson                    11/16/2019
Signature of Requestor          DATe

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 21 2019

JEFFREY P. COLWELL
CLERK

App. 012

**BP-229 RESPONSE**                                    Case Number:  975773-F1

Your Request for Administrative Remedy dated April 23, 2019, and received in the
Administrative Remedy office on April 23, 2019, has been reviewed.  You allege, on
April 10, 2019, a Staff member opened the outer cell door and said aggressive things to
you such as, "Say all the shit you were saying yesterday because that Tort Claim isn't
going through and watch what I do now." You further allege this staff member sprayed
you in the face with oleoresin capsicum for no reason, resulting in you being placed in
restraints for 21 hours and all your property being removed from the cell.   As a relief
You request the officer work for two weeks without pay, and not be permitted to work
your housing unit.

A review of the issue raised in your Request for Administrative Remedy has been
conducted.  The results of the review revealed all staff are held to a high standard of
treating inmates fairly, impartially, and humanely.  Mistreatment of inmates is not
tolerated.  Therefore, the information presented in your Administrative Remedy will be
forwarded to the appropriate Bureau of Prisons component for review.  However,
inmates are not entitled to receive information regarding the outcome of an
investigation.

With regard to your request for staff discipline, staff personnel matters are not subject to inmate
review; therefore, we do not consider such requests for relief.

Accordingly, your Request for Administrative Remedy is denied.  In the event you are not
satisfied with this response and wish to appeal, you may do so within 20 calendar days of
the date of this response by submitting a BP-230(13) to the Regional Director, Federal
Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor,
400 State Avenue, Kansas City, Kansas 66101-2492.

_____                    _____
Andre Matevousian, Complex Warden                  Date

*look this is tha PROOF I ben suffer
Retaliation*

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 02 2019

JEFFREY P. COLWELL
CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. *1:19-CV-02563-GPG*

(To be supplied by the court)

*Anderson Coutinho-Silva* , Plaintiff

v.

*United States of America* ,

*number one C.O. Shaul* ,

*D. Keehan* ,

*J. Welch* ,

*J. Bonetto* , Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## PRISONER COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A.   PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Coutinho Silva # 64654-066 US Penitentiary max Po Box 8500
(Name, prisoner identification number, and complete mailing address) Florence, CO. 81226-8500

_____
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

___   Pretrial detainee
___   Civilly committed detainee
✓    Immigration detainee
___   Convicted and sentenced state prisoner
✓   .  Convicted and sentenced federal prisoner
___   Other: (*Please explain*) _____

## B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:  C.O. Shaul, ADX US Pnitentiary max POBX
(Name, job title, and complete mailing address)

8500 Florence, CO 81226-8500

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

Defendant is C.O. for the BOP
_____

Defendant 1 is being sued in <u>his</u>/her ___ individual and/or ___ official capacity.

2

App. 015

Defendant 2: *V. welch; c.o. ADx us Pnitentiary max*
(Name, job title, and complete mailing address)

*PoBx 8500 florence, co 81226-8500*

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*).  Briefly explain:

*Defendant is c.o. for The BOP*

_____

Defendant 2 is being sued in <u>his</u>/her ___ individual and/or <u>:</u> official capacity.

Defendant 3: *C.o. D. Keehan ADx us Pnitentiary max*
(Name, job title, and complete mailing address)

*PoBx 8500 florence, co 81226-8500*

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*).  Briefly explain:

*Defendant is c.o. for The BOP*

_____

Defendant 3 is being sued in <u>his</u>/her *his* individual and/or ___ official capacity.


**C.   JURISDICTION**

*Indicate the federal legal basis for your claim(s): (check all that apply)*

~~✓~~    42 U.S.C. § 1983 (state, county, and municipal defendants)

*✓*    *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

___    Other: (*please identify*) _____

3

App. 016

Defendant 4: C.O. J. Bonetto
ADX US Pnitentiary max PoBX 8500
Florence. Co 81226-8500

Defendant is c.o. for The BoP

Defendant 4 is being sued in his/her his

**D. STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: Tort Claim against C.O. Shawl

Supporting facts: At Approximately 2:15 Pm C.O. Shawl come to my cell C0A-401 to du a cell Rotations. officer shawl entered To my cell an began to assault me outside of the view of The range camera by entering all the way inside my cell which is prohited by institutional security protocol of a supermx so while I was in restraints I was assaulted by The staff and then his fellow Co-workers attempted to fraudulent[ly] Conceal the assault by Claiming I attempted to assault staff while I was in handcuffs. while I was in restraints I was do and be assault he slammed me on the floor in the Showr he Jumped on my Back ud he knee. and called for assistance. Then chol up C.O. J. Welch D. Keehan and J. Bonetto. I was injured on my Back on my Rigt leg and I was cut on my left left hand. I cok score on my left hand as Pruf. I keif a sickll to dhe Pa Firth on november 30/2018. and I send a sickll to the medical. the medical dunot camd to see me.

4

**E.    PREVIOUS LAWSUITS**

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? __✓__ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form.  If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit.  Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):    *United States of America and Food Service Director, Ramirez*

Docket number and court:    *1:19-CV-0783 District of Pennsylvania*

Claims raised:    *BRAZIL*

Disposition: (is the case still pending? has it been dismissed?; was relief granted?)    *The case still Pending*

Reasons for dismissal; if dismissed: _____

Result on appeal, if appealed: _____

**F.    ADMINISTRATIVE REMEDIES**

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions.  See 42 U.S.C. § 1997e(a).  Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

    __✓__ Yes ___ No (*check one*)

Did you exhaust administrative remedies?    *I filed a BP.8  BP.9  BP.10 BP.11 and with the F.B.o.P and Tort Claim TRT-NCR-2019-00372*

    __✓__ Yes ___ No (*check one*)

5

## G.   REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G, REQUEST FOR RELIEF."* I would Like to Be awarded $10,000,000.00 — Ten million US Dollars and all officials to Be Disaplined. and I would Like to Be Remuved from The ADX. I feel my Lyfe Being Threatened By C.O

## H.   PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_Anderson_____
(Plaintiff's signature)

_11 / 26 / 2019_____
(Date)

(Form Revised December 2017)

6

App. 020

4.    If you are proceeding pursuant to 28 U.S.C. § 1915 and the motion, affidavit, and certified copy of your trust fund account statement (or institutional equivalent) are in proper form, you must pay the full $350.00 filing fee in monthly installments.  *See* 28 U.S.C. § 1915(b)(1). The Court will enter an order directing your custodian to calculate and disburse funds from you inmate trust fund account or institutional equivalent in the amounts specified by 28 U.S.C. § 1915(b) until the full $350.00 filing fee is paid.

**The Complaint**
1.    Each named defendant must be listed in the caption of the complaint, one defendant per line.  If there is more than one defendant, you should indicate clearly in the body of the complaint which actions are attributable to each defendant.

2.    You must provide the Court with an original complaint.   You should keep a copy of the complaint for your own records.   The Court will not provide a copy for you.

3.    When your complaint is completed, it should be mailed with the filing fee or motion for leave to proceed pursuant to 28 U.S.C. § 1915 to the Clerk of the United States District Court at the following address:

> Clerk of the Court
> Alfred A. Arraj United States Courthouse
> 901 19th Street, Room A105
> Denver, CO 80294-3589

4.    Each original document (except the original complaint) must include a certificate stating the date a copy of the document was mailed to the opposing party or his, her, or its attorney and the address to which it was mailed.   Any document that fails to include a certificate of service may be disregarded by the Court or returned.   An example of a certificate of service is:

I hereby certify that a copy of the foregoing pleading/document was mailed to
_____ (defendant(s) or counsel for defendant(s))
at _____ (address) on _____, 20____.

_____
Plaintiff's Original Signature

5.    The United States district judges, the United States magistrate judges, the Clerk of the Court, and deputy clerks are officers of the Court and are prohibited from giving legal advice. Legal questions should be directed to an attorney.

(Rev. 8/24/15)                                      2

U.S. District Court - District of Colorado
D. Statement of Claim (s)
Coutinho. Silva, Number 1: 19-CV-02563-LTB-GPG

This is a continued Page Prisonr complaint

When officer Shawl called for help on radio other officers D. Keehan, J. Welch, J. Bonetto entering all the way inside my cell and helped officer Shawl hold me down and attacked me. the c.o. held me down on the sho shower floor and with his knees pressed against my back began to apply unnecessary pressure which caused my back to be injuried. They then took me to the restraint cell and cut my cloths off. Which left me naked and humiliated. I was treated like a animal. I was then put in restraints. These actions uncaused for and a unnecessary use of force. I was assaulted by said staff and treated in a violent tone with wrongful use of power which is a prohibitit act against F.B.O.P Policy. in which said Defand anta use of excessive force violated. Plantiffs rights and constituted cruel and unusual punishment under the Eighth Amendment of the united states constitution.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 09 2020

JEFFREY P. COLWELL
CLERK

u.s. District court - District of colorado
2. Statement of claim (s)

coutinho silva, number 1:-19-cv-02563-1TB-GPG

On Decembe 31/2019 At aPProximately 4:35 Pm
after Past documented altercation officer Shawl
and officer c. ESPinoza entered an to my cell
c. A204 and threaten me by Stating that if I
didit droP my ComPlaint he'd make my life a
living hell. it's against A2x Policy for staff to
eater inmates cell.

Certificate of service

This Statement of claim was Placed in the mail
on Janury 6/2020 To Be mailed To the cler of
the court.

_Anderson_                    1/4/2020
signature                         DATE

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN -9 2020

JEFFREY P. COLWELL
CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02563-CMA-MEH

ANDERSON COUTINHO SILVA,

      Plaintiff,

v.

UNITED STATES OF AMERICA, and
BRANDON SHAW,

      Defendants.

---

## MOTION TO DISMISS

---

      Defendants the United States of America and Brandon Shaw,[1] in his individual

and official capacities, move to dismiss Plaintiff Anderson Coutinho Silva's amended

complaint, ECF No. 21.  Plaintiff's individual capacity claim against Defendant Shaw

should be dismissed under Fed. R. Civ. P. 12(b)(6) for lack of a *Bivens* remedy.[2]  And

Plaintiff's official capacity claim against Defendant Shaw and his claim against the

United States—both seeking injunctive relief—fail for lack of standing under Fed. R. Civ.

---

[1] Plaintiff refers to Defendant Shaw as Officer "Shawl" in his amended complaint.  *See* ECF No. 21.  Defendants use the correct spelling of Defendant Shaw's name.

[2] Defendants also plan to file an early motion for partial summary judgment maintaining that Plaintiff's individual capacity claim against Defendant Shaw is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997), because a favorable decision on that claim would necessarily imply the invalidity of a decision of a prison discipline hearing officer that resulted in Plaintiff's loss of good time credits.

P. 12(b)(1).  Undersigned counsel did not confer with Plaintiff regarding this motion because Plaintiff is a pro se prisoner, meaning that conferral is not required.  *See* D.C.COLO.LCivR 7.1(b)(1); CMA Civ. Practice Standard 7.1D(a).

## BACKGROUND

Plaintiff—an inmate at the United States Penitentiary in Florence, Colorado ("USP Florence")—filed his original pro se complaint on September 9, 2019.  ECF No. 1.  The Court subsequently issued several orders directing Plaintiff to cure deficiencies in his complaint.  ECF Nos. 6, 8, & 17.  On December 2, 2019, Plaintiff filed his operative amended complaint.  ECF No. 21.

On December 17, 2019, Judge Gallagher issued a Recommendation that Plaintiff's amended complaint "be dismissed in part (as to [former] defendants D. Keehan, J. Welch, and J. Bonetto) and drawn in part (as to defendant C.O. Shaw[ ] and the United States of America)."  ECF No. 26 at 2.  The Recommendation further explained that "any claim for money damages against the United States of America or against C.O. Shaw[ ], in his official capacity," must "be dismissed without prejudice based on soveriegn immunity."  *Id.*

The Court adopted the Recommendation in full on January 10, 2020.  ECF No. 28.  Pursuant to this order, the remaining claims in this case are: (1) a *Bivens* claim for money damages against Defendant Shaw in his individual capacity; (2) a claim for prospective injunctive relief against Defendant Shaw in his official capacity; and (3) a claim for prospective injunctive relief against the United States.  *See id.*; *see also* ECF No. 26 at 5.

Plaintiff's sole claim in his amended complaint maintains that Defendant Shaw assaulted Plaintiff in his cell.  Plaintiff alleges that "[a]t approximately 2:15 pm" on an unspecified date, Defendant Shaw "came to [Plaintiff's] cell" for "rotations" and "began to assault [Plaintiff] outside of the view of the range camera by entering all the way inside of [Plaintiff's] cell." ECF No. 21 at 5.  Plaintiff claims that during this alleged assault, Plaintiff was "in restraints," and Defendant Shaw "slammed [Plaintiff] on the floor in the show[e]r" and "jumped on [Plaintiff's] back." *Id.*  Plaintiff claims that as a result of this incident, Plaintiff allegedly suffered injuries to his "back," his "right leg," and his "left hand." *Id.*  Plaintiff further alleges that Defendant Shaw's "fellow co-workers attempted to fraudulent[ly] conceal the assault by claiming [Plaintiff] attempted to assault staff while [he] was in handcuffs." *Id.*  Plaintiff states that he was evaulated by "medical … on November 30[,] 2018," thereby indicating that this alleged incident occurred in November 2018.  *Id.*

As relief, Plaintiff seeks "ten million US dollars," "remov[al] from the ADX," and discipline of unspecified "officials." *Id.* at 7.  He states that he "feel[s] [his] l[i]fe [is] being threatened by C.O. [correctional officer]." *Id.*

Liberally construed, *see, e.g.*, *Tatten v. City and County of Denver*, 730 F. App'x 620, 623-24 (10th Cir. 2018), Plaintiff's pro se amended complaint appears to be attempting to state: (1) an Eighth Amendment excessive force claim against Defendant Shaw in his individual capacity (under *Bivens*); (2) a claim for prospective injunctive relief against Defendant Shaw in his official capacity based on alleged fear of future

harm; and (3) a claim for prospective injunctive relief against the United States based on alleged fear of future harm.

## ARGUMENT

I. **Plaintiff's claim against Defendant Shaw in his individual capacity should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for lack of a *Bivens* remedy.**

Plaintiff's first claim—an Eighth Amendment excessive force claim against Defendant Shaw in his individual capacity—should be dismissed under Fed. R. Civ. P. 12(b)(6) for lack of a *Bivens* remedy.  A claim against a federal official for damages that lacks a *Bivens* remedy is properly dismissed under Rule 12(b)(6) on the ground that "there is no legal basis to recognize any claim for damages."  *See, e.g.*, *Shepard v. Rangel*, No. 12-cv-01108-RM-KLM, 2014 WL 7366662, at *18 (D. Colo. Dec. 24, 2014); *see also* CMA Civ. Practice Standard 7.1D(d) (motion to dismiss under Rule 12(b)(6) should describe the "element that movant contends must be alleged, but was not").

In *Bivens*, the Supreme Court recognized a limited "implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."  *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).  "[E]xpanding the *Bivens* remedy is now a disfavored judicial activity," and the Supreme Court "has consistently refused to extend *Bivens* to any new context."  *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017).  If the context is new, courts must assess: (1) whether there is any alternative remedial process; and (2) whether any special factors counsel hesitation.  *See id.* at 1858.  Either consideration alone is sufficient to prevent devising a new remedy.  *See id.*

## A.   New context analysis

Whenever a "case is different in a meaningful way from previous *Bivens* cases decided by th[e Supreme] Court, then the context is new." *Id.* at 1864.  The three prior cases in which the Supreme Court has recognized a *Bivens* remedy are: (1) *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (Fourth Amendment unreasonable search and seizure); (2) *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment equal-protection violations in connection with gender discrimination by a Congressman); and (3) *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment failure to provide adequate medical treatment).  "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy." *Abbasi*, 137 S. Ct. at 1855.

To determine whether the context is new, the test is not simply "whether the asserted constitutional right was at issue in a previous *Bivens* case," and "whether the mechanism of injury was the same mechanism of injury in a previous *Bivens* case." *Id.* at 1859; *accord Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) ("A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized.").  Beyond those considerations, "[a] case might differ in a meaningful way because of" factors including:

> [T]he constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the

presence of potential special factors that previous *Bivens* cases did not consider.

*Abbasi*, 137 S. Ct. at 1860.

Applying these principles to Plaintiff's claim against Defendant Shaw in his individual capacity, "the Supreme Court has not expressly approved of an implied damages remedy under *Bivens* for Eighth Amendment excessive force."  *McLean v. Gutierrez*, No. 17-cv-15275, 2017 WL 6887309, at *18 (C.D. Cal. Sept. 28, 2017), *report and recommendation adopted*, 2018 WL 354604 (C.D. Cal. Jan. 10, 2018).  Plaintiff does not raise a deliberate indifference claim under the Eighth Amendment like in *Carlson*, 446 U.S. 14, or an unreasonable search and seizure claim under the Fourth Amendment like in *Bivens*, 403 U.S. at 389, or a claim under the Fifth Amendment equal protection clause like in *Davis*, 442 U.S. 228.  This case also involves a different category of "official action" than in *Carlson*, *Bivens*, or *Davis*.  *See Abbasi*, 137 S. Ct. at 1860.  It involves a correctional officer's treatment of an inmate while conducting rounds, rather than an medical official's treatment of an inmate like in *Carlson*, 446 U.S. 14, or a police officer's arrest of a suspect like in *Bivens*, 403 U.S. at 389, or a Congressman's treatment of staff like in *Davis*, 442 U.S. 228.

Accordingly, as numerous courts have held, an Eighth Amendment excessive force claim "presents a new *Bivens* context."  *Sutter v. United States*, No. 17-cv-1707245, 2019 WL 1841905, at *7 (C.D. Cal. Mar. 12, 2019); *see also*, *e.g.*, *Brown v. Nash*, No. 18-cv-528, 2019 WL 7562785, at *5 (S.D. Miss. Dec. 13, 2019), *report and recommendation adopted*, 2020 WL 129101 (S.D. Miss. Jan. 10, 2020) (same); *Ramirez v. Tatum*, No. 17-cv-7801, 2019 WL 2250339, at *2 (S.D.N.Y. May 24, 2019)

(same); *Taylor v. Lockett*, No. 17-cv-00023, 2019 WL 764023, at *7 (M.D. Fla. Feb. 21, 2019) (same); *Hunt v. Matevousian*, 336 F. Supp. 3d 1159, 1170 (E.D. Cal. 2018) (same); *Winstead v. Matevousian*, No. 17-cv-00951, 2018 WL 2021040, at *3 (E.D. Cal. May 1, 2018) (same); *McLean*, 2017 WL 6887309, at *18 (same).

### B.   Considerations for extending *Bivens*

In determining whether to allow an unprecedented extension of *Bivens* to Plaintiff's claim against Defendant Shaw, the Court should first consider the availability of an alternative remedial process. *Abbasi*, 137 S. Ct. at 1858. Here, there are numerous alternative remedies. First, Plaintiff can seek a remedy through the Federal Tort Claims Act. *See, e.g.*, *Turkmen v. Ashcroft*, 2018 WL 4026734, at *10 (E.D.N.Y. Aug. 13, 2018) (collecting cases declining "to permit *Bivens* claims to proceed because the FTCA provides an adequate alternative remedy"); *accord Ramirez*, 2019 WL 2250339, at *2 (finding FTCA cause of action a sufficient alternative remedy for an excessive force claim). Second, Plaintiff can seek a remedy under the mandamus statute. *See* 28 U.S.C. § 1361. Third, Plaintiff can seek a remedy under the prison grievance system. *See* 28 C.F.R. § 542.10; *see also Taylor*, 2019 WL 764023, at *7 (finding prison grievance system an adequate alternative remedy for an Eighth Amendment excessive force claim).

Courts in this district routinely find the creation of new *Bivens* remedies for prisoner claims foreclosed based on these adequate alternative remedies. *See, e.g.*, *Ajaj v. Fed. Bureau of Prisons*, No. 15-cv-00992-RBJ-KLM, 2017 WL 219343, at *2-3 (D. Colo. Jan. 17, 2017) (Plaintiff had adequate alternative remedies, including

grievance system and injunctive relief); *Lovett v. Ruda*, No 17-cv-02010-PAB-KLM, 2018 WL 4659111, at *8 (D. Colo. Sept. 28, 2018) (same).

Turning to special factors—the second consideration in determining whether to extend *Bivens* to a new context—courts in this district have found that "creating a superfluous way for prisoners to gain relief by suing prison employees individually will interfere with prison management." *Huerta v. Oliver*, No. 17-cv-00988-RBJ-KLM, 2019 WL 399229, at *17 (D. Colo. Jan. 31, 2019). Additionally, Congressional silence, including in "the enactment of the [Prison Litigation Reform Act]," which "made comprehensive changes to the way prisoner abuse cases may be brought in federal court" but did not provide for a damages remedy, "suggests that Congress does not want to provide federal inmates with a damages remedy." *Abdo v. United States*, No. 18-cv-01622-KMT, 2019 WL 6726230, at *7 (D. Colo. Dec. 11, 2019).

For similar reasons, a number of courts have concluded that special factors counsel against extending *Bivens* to Eighth Amendment excessive force claims in particular. *See, e.g.*, *Brown*, 2019 WL 7562785, at *5 (declining to extend *Bivens* remedy to Eighth Amendment excessive force claim by federal inmate based on special factors including: (1) "the presence of an alternative remedial structure"—i.e., the "prison grievance system"; (2) the fact that "Congress has considered prisoner abuse in the context of passing the PLRA and has been active in the area of prisoner rights"; and (3) "concerns of institutional security") (quotations omitted); *Hunt*, 336 F. Supp. 3d at 1170 (finding that special factors counseled hesitation and declining to extend *Bivens*

remedy to Eighth Amendment excessive force claim by federal inmate); *Winstead*, 2018

WL 2021040, at *3 (same); *Taylor*, 2019 WL 764023, at *8 (same).

In sum, neither inquiry favors the creation of a *Bivens* remedy for Plaintiff's

Eighth Amendment excessive force claim in the prison context.  Plaintiff's claim against

Defendant Shaw in his individual capacity should be dismissed under Rule 12(b)(6).

## II.   Plaintiff's injunctive relief claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing.

Plaintiff's remaining claims—injunctive relief claims against Defendant Shaw in

his official capacity and against the United States—should be dismissed for lack of

standing under Fed. R. Civ. P. 12(b)(1).  *See Colo. Envtl. Coal. v. Wenker*, 353 F.3d

1221, 1227 (10th Cir. 2004) ("treat[ing] … appeal as seeking review of a Rule 12(b)(1)

dismissal" because standing is jurisdictional).  "Plaintiffs have the burden to

demonstrate standing for each form of relief sought."  *Redmond v. Crowther*, 882 F.3d

927, 942 (10th Cir. 2018); *see also* CMA Civ. Practice Standard 7.1D(c) (motions to

dismiss under Rule 12(b)(1) should specify "which party has the burden of proof").  No

materials outside the pleadings need to be considered to resolve this argument; the

material facts are Plaintiff's allegations as discussed below.  *See* CMA Civ. Practice

Standard 7.1D(c) (motions to dismiss under Rule 12(b)(1) should specify "whether

materials outside the pleadings should be considered" and "the material facts"); *cf. Holt

v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (Rule 12(b)(1) motions to dismiss

for lack of subject matter jurisdiction can take the form of a facial attack, in which case

the "district court must accept the allegations in the complaint as true").

To have standing to seek prospective relief—such as injunctive relief to prevent future injury—a plaintiff must show a real and immediate threat of future harm. *See Redmond*, 882 F.3d at 942 (inmate seeking injunctive relief based on threat of future harm must show threat is "real and immediate, not conjectural or hypothetical") (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983)); *Am. Humanist Ass'n, Inc. v. Douglas Cty. Sch. Dist. RE-1*, 859 F.3d 1243, 1250 (10th Cir. 2017) (to seek prospective relief, a plaintiff must suffer continuing injury or be under real and immediate threat of future injury); *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991) ("a plaintiff who has been constitutionally injured" may be able to bring an "action to recover damages," but "that same plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a chance of being likewise injured in the future"). "[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *Lyons*, 461 U.S. at 102 (quotations omitted).

In *Redmond*, for example, the plaintiff argued that he had standing to sue a prison official in his official capacity for injunctive relief because of the risk that the situation at issue involving secondhand exposure to tear gas in prison would recur. *See* 882 F.3d at 94. The Tenth Circuit rejected this argument, holding that the plaintiff's argument was "contingent upon speculation and conjecture" and thus "beyond the bounds of a federal court's jurisdiction." *Id.* (quotations omitted). Similarly in *Lyons*, the Supreme Court held that where a plaintiff who had been "illegally choked" by police "made no showing that he is realistically threatened by a repetition of his experience,"

he did not meet "the requirements for seeking an injunction in federal court."  461 U.S. at 109-10.

Here, Plaintiff's amended complaint alleges that he "feel[s] [his] l[i]fe [is] being threatened by C.O. [correctional officer]" immediately following his demands for discipline of unspecified "officials" and "rem[oval] from the ADX."  ECF No. 21 at 7. Plaintiff's amended complaint therefore suggests that he is seeking injunctive relief to prevent future harm (in the form of alleged threats to his life).  But Plaintiff does not provide any reason to suspect a real and immediate threat of future harm by Defendant Shaw or any other prison official.  Plaintiff does not, for example, allege a repeating pattern of similar incidents after November 2018.  Nor does Plaintiff allege with any specificity who is threatening him or how those alleges threats are being carried out.

Because Plaintiff's allegations about future harm are conclusory and speculative, and because he has not alleged "continuing, present adverse effects," *Lyons*, 461 U.S. at 102, Plaintiff "lacks standing to sue for injunctive relief," *Redmond*, 882 F.3d at 942. Plaintiff's injunctive relief claims against Defendant Shaw and the United States should therefore be dismissed under Rule 12(b)(1).

## CONCLUSION

For these reasons, the Court should dismiss Plaintiff's amended complaint, ECF No. 21.

DATE: July 13, 2020                    Respectfully submitted,

                                       JASON R. DUNN
                                       United States Attorney

s/ *Logan Ann Steiner*
Logan Ann Steiner
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: (303) 454-0233
Facsimile: (303) 454-0411
E-mail: Logan.Steiner@usdoj.gov
Attorney for Defendants

### CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2020, I have caused the document or paper to be mailed or served on the following non CM/ECF participants by U.S. Mail:

Anderson Coutinho Silva
#64654-066
USP Florence - High
U.S. Penitentiary
P.O. Box 7000
Florence, CO 81226
Pro se Plaintiff

s/ *Logan Ann Steiner*
United States Attorney's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO.

CIVIL ACTION NO. 19-CV-02563-CMA-MEH

ANDERSON COUTINHO SILVA,

　　　PLAINTIFF,

UNITED STATES OF AMERICA, AND
BRANDON SHAW,

　　　DEFENDANT/S.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 07 2020
JEFFREY P. COLWELL
CLERK

"OPPOSITION," MOTION TO DISMISS.

SAID PLAINTIFF, ANDERSON C. SILVA, IN HIS INDIVIDUAL
CAPACITY, MOVES NOT TO DISMISS CLAIM/S AGAINST
DEFEDANT/S C.O. BRANDON SHAW, AND UNITED STATES.
SEEKING DISMISSAL.
　　　　　BACK GROUND

① SAID PLAINTIFF, IS AND WAS AT ALL TIMES MENTIONED
HEREIN A PRISONER AND AN INMATE AT THE UNITED
STATES PENITENTIARY IN FLORENCE, COLORADO (U.S.P FLORENCE
A.D.X) FILE HIS ORIGINAL PRO SE COMPLAINT ON SEPT
09, 2019. IN WHICH SAID PLAINTIFF CONFIRMS THAT
ON NOVEMBER 25, 2018, AT APPROXIMATELY 2:15 P.M. STAFF
C.O. SHAW, C.O. KEEHAN, AND C.O. WELCH CAME INTO SAID
PLAINTIFF'S CELL FOR THE PURPOSE OF CELL ROTATION,
AT WHICH TIME THE STAFF PLACED SAID PLAINTIFF IN
RESTRAINS (HANDCUFF BEHIDE THE BACK.) ONCE SAID
PLAINTIFF WAS IN RESTRAINS, C.O. SHAW, BECAME AGRAVATED
ABOUT SAID PLAINTIFF HAVING SOME OF HIS PROPERTY ON
HIS HANDS, C.O. SHAW, TOLD SAID PLAINTIFF TO MOVE BACK
INTO THE CELL, BUT WHEN SAID PLAINTIFF DID NOT ACT
AS FAST AS C.O. SHAW WANTED. C.O. SHAW, BECAME UPSET, AND
STARTED PUSHING SAID PLAINTIFF BACK INTO THE CELL, AND

WHEN SAID PLAINTIFF WAS TO SHOW, C.O. SHAW, USED UNNECESSARILY AND EXCESSIVE FORCE. IN VIOLATION OF SAID PLAINTIFF's CONSTITUTIONAL HUMAN RIGHTS AND THE UNITED STATES CONSTITUTION 8TH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT.

(2) SAID PLAINTIFF, RESPECFULLY ASKS THE COURT TO LOWER THE BAR FOR SAID PLAINTIFF BECAUSE SAID PLAINTIFF IS A FOREIGNER AND DOES NOT SPEAK NOR WRITES ENGLISH WELL. FURTHERMORE SAID PLAINTIFF DOES NOT HAVE COUNSEL AS OF THIS MOMENT.

(3) SAID PLAINTIFF DOES NOT ALLEGE, BUT ONLY WRITES THE FACTS OF THE CASE. THAT C.O. SHAW INDEED DID ASSAULT SAID PLAINTIFF WHILE SAID PLAINTIFF WAS IN RESTRAINS (HANDCUFF BEHIDE HIS BACK.)

(4) SAID PLAINTIFF ASKS THE COURT TO LOOK AT THE BIAS MEDICAL REPORT DONE BY THE FACILITY MEDICAL DEPARTMENT BEFORE RULING ON THE MOTION TO DISMISS.

(5) SAID PLAINTIFF WOULD LIKE THE COURT TO KEEP IN MIND THAT AT ALL TIMES SAID PLAINTIFF WAS IN RESTRAINS (HANDCUFF BEHIDE HIS BACK.) THE MEDICAL REPORT DONE ON SAID PLAINTIFF SAYS THAT PLAINTIFF HARDLY RECEIVED ANY INJURIES IF AT ALL HOWEVER, THE MEDICAL REPORT DONE ON C.O. SHAW, SAID THAT MR. SHAW'S INJURIES WERE A SWOLLEN AND BROKEN RIGHT INDEX FINGER, AND A STIFF LOWER BACK, SO THERE'S NO DENIAL THAT SOMETHING REAL SERIOUS HAPPEN HERE.

(6) THE MEMORANDUM BY C.O. WELCH, ALSO SAYS THAT "WHILE INITIALLY ATTEMPTING TO ASSIST THE INMATE ON THE GROUND WITH THE LEAST AMOUNT OF FORCE NECESSARY." C.O. WELCH, ADMITTY TO USING FORCE THE FORCE NECESSARY IN PART BECOMES AT LEAST QUESTIONABLE SINCE SAID PLAINTIFF IS IN RESTRAINS, HOWEVER, THERE'S NO QUESTION THAT

FORCE WAS USED AGAINST SAID PLAINTIFF WHILE SAID PLAINTIFF WAS IN RESTRAINS (HANDCUFF BEHIDE HIS BACK).

## ARGUMENT

SAID PLAINTIFF'S CLAIM/S AGAINST DEFENDANT C.O. SHAW, SHOULD NOT BE DISMISSED.

SAID PLAINTIFF CLAIM/S ARE NOT FRIVOLOUS NOR MALICIOUSLY, SAID PLAINTIFF DOES NOT FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

DEFENDANT C.O. SHAW, AT ALL TIMES HEREIN ACTED UNDER COLOR OF FEDERAL LAW, AND HIS DELIBERATE INDIFFERENCE AND DISREGARD FOR HUMAN RIGHTS SHOULD BE NOTICE TO PREVENT FUTURE INJURY TO SAID PLAINTIFF AND OTHER INMATES, THE THREAT POST BY DEFENDANT C.O. SHAW, IS REAL AND NOT HYPOTHETICAL. SAID PLAINTIFF DOES NOT WANT TO SUFFER CONTINUALLY INJURY OR BE UNDER REAL AND IMMEDIATE THREAT OF LIFE.

THE MEDICAL REPORT EVENTHOUGH BIAS, SHOWS THAT SAID PLAINTIFF WAS INJURED, SO SAID PLAINTIFF DOES MEET THE REQUIRE-MENTS FOR SEEKING AN INJUNCTION IN FEDERAL COURT.

## CONCLUSION:

FOR THESE REASONS AND MATTERS SET FORWARD THERE'S NO ALTERNATIVE BUT TO DENY DEFENDANT'S MOTION TO DISMESS.

DATE: AUG 2ND, 2020
PLACE: FLORENCE A.D X
TIME: 10:30 A.M.

x _____
SAID PLAINTIFF SIGNATURE.

CASE 1:19-CV-02563-CMA-MEH Document 68 Filed USDC Colorado.

## CERTIFICATE of Service

I herby certify that on July 30.20 I have caused the document or Paper to be mailed or served on The following non CM/ECF Participants BY U.S. mail: to the united States District Court of Colorado.

Anderson J                               7/30/2020
                                         DATE

signature of Requestor

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02563-CMA-MEH

ANDERSON COUTINHO SILVA,

     Plaintiff,

v.

UNITED STATES OF AMERICA, and
BRANDON SHAW,

     Defendants.

---

## REPLY IN SUPPORT OF MOTION TO DISMISS

---

Defendants' motion to dismiss demonstrated that all of Plaintiff's claims should be dismissed under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(1). *See* ECF No. 68. Plaintiff's opposition primarily rehashes his amended complaint allegations and fails to refute Defendants' arguments. *See* ECF No. 77. For the reasons set forth below and in Defendants' motion, ECF No. 68, Plaintiff's amended complaint should be dismissed.

### ARGUMENT

**I.**    **Plaintiff's claim against Defendant Shaw in his individual capacity should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for lack of a *Bivens* remedy.**

Defendants' motion to dismiss showed that Plaintiff's excessive force claim against Defendant Shaw in his individual capacity should be dismissed under Fed. R. Civ. P. 12(b)(6) for lack of a *Bivens* remedy under *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017). *See* ECF No. 68 at 4-9.

Plaintiff's opposition does not address Defendants' argument under *Abbasi*.  *See* ECF No. 77.  As Defendants' motion explained, however, the Supreme Court in *Abbasi* made clear that "expanding the *Bivens* remedy is … a disfavored judicial activity," and the Court "has consistently refused to extend *Bivens* to any new context."  137 S. Ct. at 1857.  If the context is new, courts must assess: (1) whether there is any alternative remedial process; and (2) whether any special factors counsel hesitation.  *Id.* at 1858.  Either consideration alone is sufficient to prevent devising a new remedy.  *Id.*

Plaintiff's opposition fails to contest that, as numerous courts have held, an Eighth Amendment excessive force claim like Plaintiff's presents a new *Bivens* context.  *See* ECF No. 68 at 6-7 (collecting cases).  Plaintiff also does not dispute that there are numerous alternative remedies available to him aside from an individual capacity claim against Defendant Shaw, including a remedy through the Federal Tort Claims Act, under the mandamus statute, and under the prison grievance system.  *See id.* at 7-8 (collecting cases).  Finally, Plaintiff's opposition does not contest that, as numerous courts have concluded, special factors counsel against extending *Bivens* to Eighth Amendment excessive force claims.  *See id.* at 8-9 (collecting cases).

Plaintiff's opposition instead summarizes his complaint allegations, *see* ECF No. 77, and asks that the "Court … lower the bar for said Plaintiff" because he is *pro se* and English is not his native language, *id.* at 2.  Defendants do not dispute that the Court reviews *pro se* pleadings "liberally and holds [them] to a less stringent standard than those drafted by attorneys."  *Boudette v. Sanders*, No. 18-cv-02420-CMA-MEH, 2019 WL 3935168, at *3 (D. Colo. Aug. 19, 2019) (quoting *Trackwell v. United States*, 472

F.3d 1242, 1243 (10th Cir. 2007)).  But, as the *Boudette* court explained (in the course of holding that *Abbasi* precluded the plaintiffs in that case from raising a malicious prosecution claim under *Bivens*), "*pro se* status" does not "entitle a litigant to an application of different rules," and "a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."  *Id.* (quotations omitted). Here, Plaintiff has failed to discuss—let alone refute—Defendants' *Abbasi* argument.

For these reasons and the reasons explained in Defendants' motion, ECF No. 68, Plaintiff's excessive force claim against Defendant Shaw in his individual capacity is barred by *Abbasi* and should be dismissed.

**II.    Plaintiff's injunctive relief claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing.**

Defendants' motion further showed that Plaintiff's remaining claims—his official capacity claim against Defendant Shaw and his claim against the United States, both seeking injunctive relief—fail for lack of standing under Fed. R. Civ. P. 12(b)(1).  *See* ECF No. 68 at 9-11.  As Defendants explained, to have standing to seek injunctive relief to prevent future injury, a plaintiff must show a real and immediate threat of future harm. *See id.* at 10 (collecting cases).  And Plaintiff's amended complaint does not provide any reason to suspect a real and immediate threat of future harm by Defendant Shaw or any other prison official.  *See id.* at 10-11.  Rather, Plaintiff's amended complaint contains only a single, conclusory allegation that he "feel[s] [his] l[i]fe [is] being threatened by C.O. [correctional officer]."  ECF No. 21 at 7.

Plaintiff's opposition likewise alleges in a conclusory manner that "[t]he threat pos[ed] by Defendant C.O. Shaw, is real and not hypothetical," and alleges that Plaintiff

is "under real and immediate threat of life."  ECF No. 77 at 3.  But conclusory allegations like these do not suffice.  *See, e.g.*, *Boudette*, 2019 WL 3935168, at *3 ("a *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based") (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  Plaintiff does not, for example, allege a repeating pattern of similar incidents after November 2018.  Nor does Plaintiff allege with any specificity how any alleged continuing threats by Defendant Shaw are being carried out.

Instead, Plaintiff's purported grounds for a future injunction are the alleged events of November 2018.  *See* ECF No. 77 at 3 (stating that Defendant Shaw's alleged past conduct "should be notice[d] to prevent future injury to said plaintiff and other inmates").  But the Supreme Court has made clear that "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief."  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (quotations omitted).  Because he has not alleged "continuing, present adverse effects," *id.* (quotations omitted), Plaintiff "lacks standing to sue for injunctive relief."  *Redmond v. Crowther*, 882 F.3d 927, 942 (10th Cir. 2018).

## CONCLUSION

For these reasons and those explained in Defendants' motion, ECF No. 68, the Court should dismiss Plaintiff's amended complaint, ECF No. 21.

DATE: August 20, 2020          Respectfully submitted,

                               JASON R. DUNN
                               United States Attorney

                               s/ *Logan Ann Steiner*
                               Logan Ann Steiner
                               Assistant United States Attorney
                               1801 California Street, Suite 1600
                               Denver, CO 80202
                               Telephone: (303) 454-0233
                               Facsimile: (303) 454-0411
                               E-mail: Logan.Steiner@usdoj.gov
                               Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2020, I have caused the document or paper to be mailed or served on the following non CM/ECF participants by U.S. Mail:

Anderson Coutinho Silva
#64654-066
USP Florence - High
U.S. Penitentiary
P.O. Box 7000
Florence, CO 81226
Pro se Plaintiff

s/ *Logan Ann Steiner*
United States Attorney's Office

coutinho Silva, number 1: 1.9-cv-02563-LTB-G.P.G

U.S. District Court- District of colorado

Retalia complaint D. Statement of Claim (S)
Declaration of Anderson C. Silva.
this is a Retalia complaint against C.o. cop
And Consular Robinson. on August 12, 2020
I fill a Administrative nemed BP.8 Against c.o
cop c.o. cop Refuse to Give me the Phone to
I can call my family this have ben con on
Since August 1, 2020. be was Retalia Against
me Because the Lawsut I have Acanst c.o
Chaw. I turn the BP.8 to Consular Robinson.
Consular Robinson Refuse to Return the BP.8 Back
to me I Request for the BP.8 then consular
Robinson Said you can fill a Administrative
Nemed But you not con to Receive no Response
from me. Consular Robinson Been Retalia
Against me Because the Lawsut I have Acanst
C.o. Chaw.
Im Request to Be Remuved from the ADX As soon
As Possible Because they con keep Continue Retalia
Against me I Can't take this Retalia Any more.
And I Requesting the Cort take Judicial ntice of
the following And Judicative facts Pursuant to
Rule on my Lawsut.

<u>Certificate service</u>

this Retalia complaint Statement Claim was
Placed in the mail on August 26, 2020 To Be
maled to the District of colorodo Court.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 31 2020          8/26/2020
                     DATE
JEFFREY P. COLWI..
CLE..

Signature of Requester

App. 047

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02563-CMA-MEH

ANDERSON COUTINHO SILVA,

     Plaintiff,

v.

UNITED STATES OF AMERICA, and
BRANDON SHAW,

     Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

**Michael E. Hegarty, United States Magistrate Judge**.

     Plaintiff Anderson Coutinho Silva ("Plaintiff") brings claims in his Amended Prisoner

Complaint ("Complaint") against both the United States, and C.O. Brandon Shaw ("Shaw") in his

individual and official capacities. ECF 21. Defendants have filed the present motion to dismiss,

and Shaw has filed the present motion for partial summary judgment as to the individual capacity

claim. ECF 68, 70. Both motions are fully briefed[1] and have been referred to this Court. ECF 69,

_____

[1] On August 7, 2020, Plaintiff filed an "Opposition [to the] Motion to Dismiss" ("Response")
(ECF 77) and an "Opposition [to the] Motion for Partial Summary Judgment" (ECF 78).
Plaintiff filed these documents following a scheduling conference with the Court on July 22,
2020, where the Court instructed Plaintiff to respond to Defendants' motions on or before
August 10, 2020. ECF 74. Defendants filed their replies on August 20, 2020. ECF 83, 84.
Subsequently, Plaintiff filed two additional documents titled, "In Support and Reply to Motion to
Dismiss by Defendants" (ECF 93) and "Opposition in Reply to Defendants' Motion for Partial
Summary Judgment" (ECF 95). Though ECF 93 is dated September 4, 2020 and ECF 95 is
dated September 8, 2020, they were not placed on the docket (*i.e.* brought to the Court's
attention) until September 9, 2020. Regardless, Plaintiff did not seek leave to file surreplies and
no such reply is contemplated by the Federal Rules of Civil Procedure. Accordingly, the Court
does not consider them for purposes of this Recommendation.

73. As set forth below, this Court respectfully recommends that the Defendants' motion to dismiss be **granted**, and the motion for partial summary judgment be **denied as moot**.

## BACKGROUND

### I.   Procedural Background

Plaintiff is an inmate at the United States Penitentiary in Florence, Colorado ("USP Florence"). He filed his original, *pro se* complaint on September 9, 2019. *See* ECF 1. During initial screening, Magistrate Judge Gordon P. Gallagher ordered Plaintiff to file an amended prisoner complaint to cure certain deficiencies. ECF 17. Plaintiff did so on November 18, 2019. ECF 18. However, Plaintiff filed another amended complaint (the operative "Complaint") on December 2, 2019. ECF 21. Plaintiff asserted claims against the United States, Shaw, "J. Welch, C.O.," "C.O. D. Keehan," and "C.O. J. Bonetto." *Id.* Judge Gallagher ordered that the case be reassigned on December 16, 2019, at which point Senior District Judge Lewis T. Babcock became the presiding judicial officer. ECF 24, 25. On December 17, 2019, Magistrate Judge Gallagher issued a recommendation to dismiss without prejudice then-Defendants D. Keehan, J. Welch, and J. Bonetto for Plaintiff's failure to comply with Fed. R. Civ. P. 8 and to dismiss without prejudice any monetary claims against the United States, or against Shaw in his official capacity based on sovereign immunity. ECF 26. Senior Judge Babcock accepted and adopted the recommendation on January 10, 2020 and ordered the remaining claims in the case to be drawn to a district judge and magistrate judge. ECF 28. Tthe case was assigned to District Judge Christine M. Arguello and referred to the undersigned.

### II.   Factual Background

The following are factual allegations (as opposed to legal conclusions, bare assertions, or merely conclusory allegations) made by the Plaintiff in his Complaint, which are taken as true for

analysis under Fed. R. Civ. P. 12(b)(1) pursuant to *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) and under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff alleges that Defendant Shaw entered his prison cell as Shaw was completing cell rotations. ECF 21 at 5. Shaw proceeded to assault Plaintiff while completely inside Plaintiff's cell, out of the view of any cameras. *Id.* Plaintiff "was in restraints" at the time of the assault. *Id.* Shaw slammed Plaintiff "on the floor in the show[e]r" and jumped on Plaintiff's back using his knee. *Id.* Shaw requested assistance, and C.O. J. Welch, D. Keehan, and J. Bonetto arrived in response. *Id.* Plaintiff suffered injuries to his back, right leg, and left hand. *Id.* Plaintiff asserts that Shaw's co-workers attempted to conceal the assault by claiming he tried to attack the staff. *Id.* Plaintiff seeks ten million dollars in damages, for all officials to be disciplined, and to be "removed" from USP Florence. *Id.* at 7.

## LEGAL STANDARDS

### I.       Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of

jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id.* at 1002-03 (citations omitted). The present motion to dismiss launches a facial attack on this Court's subject matter jurisdiction; therefore, the Court will accept the truthfulness of the Complaint's factual allegations.

## II.     Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires

a two-prong analysis.  First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory.  *Id.* at 680.  Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id.* at 679. In the context of a pro se litigant, the "pleadings are to be liberally construed." *Farrell v. Ramsey*, 28 F. App'x 751, 753 (10th Cir. 2001).

Plausibility refers "'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).  "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011).  Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim.  *Khalik*, 671 F.3d at 1192.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*,

556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

## ANALYSIS

When construed liberally, and pursuant to Magistrate Judge Gallagher's adopted recommendation, Plaintiff brings three claims for relief. First, he asserts a claim for prospective injunctive relief against Shaw in his official capacity. Second, he asserts the same claim against the United States. Third, Plaintiff asserts a *Bivens* claim for excessive force against Shaw in his individual capacity. The Defendants raise two arguments in their motion to dismiss. They argue the injunctive relief claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing. As for the *Bivens* claim, Shaw seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for lack of a *Bivens* remedy. In the alternative, Shaw requests the Court grant summary judgment. For the following reasons, the Court respectfully recommends dismissal of all claims.

## I.     Motion to Dismiss

### A.     Plaintiff Lacks Standing to Bring Injunctive Relief Claims

Defendants assert that Plaintiff lacks standing to bring claims for injunctive relief against the United States and Shaw in his official capacity. Mot. at 9–11. Plaintiff responds that his claim is necessary "to prevent future injury to said Plaintiff and other inmates." Resp. at 3.

"Plaintiffs have the burden to demonstrate standing for each form of relief sought." *Redmond v. Crowther*, 882 F.3d 927, 942 (10th Cir. 2018) (quoting *Lippoldt v. Cole*, 468 F.3d 1204, 1216 (10th Cir. 2006)). "[I]f a plaintiff seeks injunctive relief based on the threat of future harm, the 'threat of injury must be both real and immediate, not conjectural or hypothetical.'" *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983)). Although a plaintiff who has

6

App. 053

been constitutionally injured may recover damages, "that same plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future." *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991). "[P]ast exposure of illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Lyons*, 461 U.S. at 102.

In *Redmond*, the plaintiff asserted a claim for injunctive relief against prison officials to comply with written policies concerning deployment of tear gas. 882 F.3d at 933–34. The plaintiff there contended that improper use of tear gas was likely to recur. *Id.* at 942. The Tenth Circuit held that the plaintiff lacked standing on the injunctive relief claim, because Plaintiff's argument of recurrence was "'contingent upon speculation or conjecture' and thus 'beyond the bounds of a federal court's jurisdiction.'" *Id.* (quoting *Lippoldt*, 468 F.3d at 1218).

In this case, Plaintiff seeks injunctive relief from Defendants in the form of discipline for Shaw and release from prison. *See* ECF 21 at 7. Plaintiff argues that the threat posed by Shaw "is real and not hypothetical," and he "does not want to suffer continual[] injury or be under real and immediate threat of life." Resp. at 3. Yet, Plaintiff "offers just speculation that a similar incident will occur." *Redmond*, 882 F.3d at 942. Though the Court takes Plaintiff's allegations as true, there is no basis to conclude that Plaintiff alleges evidence of "a good chance of being likewise injured in the future." *Facio*, 929 F.2d at 544.

For these reasons, this Court respectfully recommends that the motion to dismiss be **granted** with respect to the injunctive relief claims against the United States and Shaw in his official capacity.

App. 054

B.    Plaintiff Fails to State a *Bivens* Claim Against Shaw

Shaw argues that Plaintiff's claim against him in his individual capacity should be dismissed for lack of *Bivens* remedy.  Mot. at 4–9.  Plaintiff responds simply that he "does not fail to state a claim upon which relief may be granted."  Resp. at 3.

In *Bivens v. Six Unknown Fed. Narcotics Agents*, the Supreme Court recognized "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."  *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).  The Supreme Court has recognized the *Bivens* remedy in only three cases: (1) *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (a Fourth Amendment unreasonable search and seizure claim); (2) *Davis v. Passman*, 442 U.S. 228 (1979) (a Fifth Amendment equal protection claim concerning gender discrimination); and (3) *Carlson v. Green*, 446 U.S. 14 (1980) (an Eighth Amendment failure to provide adequate medical treatment claim).  "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself."  *Ziglar v. Abbasi*, - U.S. -, 137 S. Ct. 1843, 1855 (2017).

"[E]xpanding the *Bivens* remedy is now a 'disfavored' judicial activity."  *Id.* at 1857.  The Supreme Court "has 'consistently refused to extend *Bivens* to any new context or new category of defendants.'"  *Id.* (quoting *Corr. Servs. Corp.*, 534 U.S. at 68.  "If [a] case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court, then the context is new."  *Id.* at 1859.  "[E]ven a modest extension is still an extension."  *Id.* at 1864.  A court may consider the following factors in determining whether a case might differ in a meaningful way:

> [T]he rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive

intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id.* at 1860.

Here, Plaintiff's allegations involve a different type of "official action" than those alleged in *Carlson*, *Davis*, and *Bivens*. Plaintiff's case concerns a correctional official's treatment of an inmate while on rounds, as opposed to an official's medical treatment of an inmate like in *Carlson*, a police officer's arrest of a suspect like in *Bivens*, and a Congressman's actions toward staff in *Davis*. Moreover, Plaintiff's case involves a different constitutional right. He does not bring an Eighth Amendment deliberate indifference claim (as in *Carlson*), a Fourth Amendment unreasonable search and seizure claim (as in *Bivens*), nor a Fifth Amendment equal protection claim (as in *Davis*). Rather, Plaintiff brings an Eighth Amendment excessive force claim. As another court has commented, "[t]he Supreme Court has not expressly approved of an implied damages remedy under *Bivens* for Eighth Amendment excessive force." *McLean v. Gutierrez*, No. ED CV 15-275-RGK (SP), 2017 WL 6887309, at *18 (C.D. Cal. Sept. 28, 2017). Additionally, other courts have found that Eighth Amendment excessive force claims constitute a novel *Bivens* context. *See, e.g.*, *Brown v. Nash*, No. 18-cv-528, 2019 WL 7562785, at *5 (S. D. Miss. Dec. 13, 2019), *report and recommendation adopted*, 2020 WL 129101 (S.D. Miss. Jan. 10, 2020); *Ramirez v. Tatum*, No. 17-cv-7801, 2019 WL 2250339, at *2 (S.D.N.Y. May 24, 2019); *Taylor v. Lockett*, No. 17-cv-00023, 2019 WL 764023, at *7 (M.D. Fla. Feb. 21, 2019); *Hunt v. Matevousian*, 336 F. Supp. 3d 1159, 1170 (E.D. Cal. 2018). The Court agrees and finds Plaintiff's claim presents a new context for a *Bivens* remedy.

Next, the Court considers whether to extend the *Bivens* remedy in this case. "[A] *Bivens* remedy will not be available if there are 'special factors counseling hesitation in the absence of affirmative action by Congress.'" *Ziglar*, 137 S. Ct. at 1857 (quoting *Carlson*, 446 U.S. at 18).

One special factor is "an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id.* at 1858.

In this case, an alternative remedy exists for Plaintiff in the form of the Bureau of Prisons's ("BOP") Administrative Remedy Program. *See Corr. Servs. Corp.*, 534 U.S. at 74 ("Inmates in respondent's position also have full access to remedial mechanisms established by the BOP, including . . . grievances filed through the BOP's Administrative Remedy Program."). Other courts in this district have rejected the creation of a new *Bivens* remedy based, in part, on the availability of the BOP's grievance program as an alternative remedy. *See Ajaj v. Fed. Bureau of Prisons*, 15-cv-00992-RBJ-KLM, 2017 WL 219343, at *2–3 (D. Colo. Jan. 17, 2017) ("[F]iling a grievance as part of the BOP's administrative remedy program" is an adequate alternative remedy.); *Lovett v. Ruda*, 17-cv-02010-PAB-KLM, 2018 WL 4659111, at *8 (D. Colo. Sept. 28, 2018) ("[G]rievances filed through the BOP's Administrative Remedy Program constitute alternative means of preventing unconstitutional conduct in the prison context.").

Further, as Shaw argues, the Court finds two other potential alternative remedies. Mot. at 7. First, Plaintiff may assert a claim through the Federal Tort Claims Act ("FTCA"). *See Turkmen v. Ashcroft*, 2018 WL 4026734, at *10 (E.D.N.Y. Aug. 13, 2018) (collecting other cases since *Ziglar* declining "to permit *Bivens* claims to proceed because the FTCA provides an adequate alternative remedy"). "[I]f Congress has created 'any alternative, existing process for protecting the [injured party's] interest'[,] that itself may 'amoun[t] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.'" *Ziglar*, 137 S. Ct. at 1858 (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). In enacting the FTCA, Congress has created an alternative remedial structure for intentional torts, such as those allegedly suffered by Plaintiff. Second, Plaintiff may seek mandamus. *See* 28 U.S.C. § 1361; *Lovett*, 2018 WL

4659111, at *8–9.   The alternative remedy "need not compensate a plaintiff with monetary damages in order to be adequate alternatives."  *Ajaj*, 2017 WL 219343, at *3 n.8 (citing *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 862–63 (10th Cir. 2016)).   With these two alternative remedies, the Court finds an extension of *Bivens* unwarranted.

Furthermore, there are special factors that caution against extending a *Bivens* remedy in this case.   Extending the remedy would create "a superfluous way for prisoners to gain relief by suing prison employees individually . . . interfe[ring] with prison management and add to the Court's already heavy burden of prisoner litigation."  *Huerta v. Oliver*, 17-cv-00988-RBJ-KLM, 2019 WL 399229, at *17 (D. Colo. Jan. 31, 2019).   Also, "the enactment of the [Prison Litigation Reform Act ("PLRA")] suggests that Congress does not want to provide federal inmates with a damages remedy."  *Abdo v. Balsick*, 18-cv-01622-KMT, 2019 WL 6726230, at *7 (D. Colo. Dec. 11, 2019) (citing *Ziglar*, 137 S. Ct. at 1865).   As recognized in *Ziglar*, the PLRA "made comprehensive changes to the way prisoner abuse claims must be brought in federal court," such that "Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs."  *Ziglar*, 137 S. Ct. at 1865.   The lack of a monetary remedy in the PLRA cuts against the extension of a *Bivens* remedy.

Considering the totality of the factors, including the availability of alternative remedies and other special factors, the Court finds no authority to recognize a *Bivens* remedy in Plaintiff's case. Therefore, this Court recommends that the motion to dismiss with respect to the claim against Shaw in his individual capacity be **granted** for failure to state a claim.

## II.    Motion to Amend

There is no pending motion to amend Plaintiff's Complaint;[2] nonetheless, the Court will

consider whether to recommend such amendment *sua sponte*.  Generally, in a case involving a *pro*

*se* litigant, the Tenth Circuit has held that if "it is at all possible that the party against whom the

dismissal is directed can correct the defect in the pleading or state a claim for relief, the court

should dismiss with leave to amend."  *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir.

1990).  "Particularly where deficiencies in a complaint are attributable to oversights likely the

result of an untutored pro se litigant's ignorance of special pleading requirements, dismissal of the

complaint without prejudice is preferable."  *Id.*   However, "[c]omplaints drafted by pro se

litigants . . . are not insulated from the rule that dismissal with prejudice is proper for failure to

state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it

would be futile to give him the opportunity to amend.'"  *Fleming v. Coulter*, 573 F. App'x 765,

769 (10th Cir. 2014) (quoting *Perkins v. Kan. Dep't of Corre.*, 165 F.3d 803, 806 (10th Cir. 1999)).

In this case, Plaintiff, a *pro se* prisoner, requests the Court "lower the bar for said Plaintiff

because said Plaintiff is a foreigner and does not speak nor write[] English well."  Resp. at 2.  In

this Recommendation, Plaintiff has been afforded all proper and even liberal construction in

review of his Complaint.  *See Farrell*, 28 F. App'x at 753.  The Court's recommendation to dismiss

---

[2] On August 24, 2020, Plaintiff moved for leave to file an amended complaint.  ECF 85.  The
Court denied Plaintiff's motion without prejudice for failure to comply with this District's Local
Rules.  *See* ECF 87 (Pursuant to D.C. Colo. LCivR 15.1(b), Plaintiff failed to attach "a proposed
amended complaint" that prevented the Court from determining "whether justice requires leave
be granted.").  Plaintiff did not file a corrected amended complaint.  On September 8, 2020,
Plaintiff submitted a "Statement of Claims," concerning actions by a "C.O. J. Medrano."  If
Plaintiff intended this "Statement of Claims" to amend his Complaint, he failed to comply with
D.C. Colo. LCivR 15.1(b) by first seeking leave to amend and not attaching "as an exhibit a copy
of the proposed amended or supplemental pleading which strikes through the text to be deleted
and underlines the text to be added."  Nevertheless, this "Statement of Claims" has no bearing on
Plaintiff's allegations against Defendants.

Plaintiff's Complaint does not stem from "deficiencies . . . attributable to oversights [in] . . . [Plaintiff's] ignorance of special pleading requirements." *Reynoldson*, 907 F.2d at 126. Rather, despite Plaintiff's allegations, the Court finds, as a matter of law, that Plaintiff lacks standing to bring injunctive relief claims and that a *Bivens* remedy is not available to Plaintiff. There is no "potentially curable defect in the plaintiff's allegations," meriting the opportunity for Plaintiff to re-file. *Stubblefield v. Henson*, No. 92-1045, 1993 WL 55936, at *2 (10th Cir. 1993).

Therefore, this Court recommends that Judge Arguello not allow an amendment of the Complaint.

## III.   Motion for Summary Judgment

Shaw also filed a motion for partial summary judgment as to the claim against him in his individual capacity. ECF 70. That motion is fully briefed and has been referred to this Court. ECF 73. As stated above, the Court recommends granting Defendants' motion to dismiss all claims, including the claim against Shaw in his individual capacity. Thus, if Judge Arguello accepts and adopts this Court's recommendation, there is no longer a viable claim against Shaw. Accordingly, the Court recommends the motion for partial summary judgment be **denied as moot**.

## CONCLUSION

The Court respectfully RECOMMENDS that Judge Christine M. Arguello **GRANT** the Defendants' motion to dismiss [filed July 13, 2020; ECF 68] as follows: (1) dismiss without prejudice the injunctive relief claims against the United States and Shaw (in his official capacity) pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing; and (2) dismiss with prejudice the excessive force claim against Shaw (in his individual capacity) pursuant to Fed. R. Civ. P. 12(b)(6) for lack of a *Bivens* remedy. Additionally, the Court respectfully RECOMMENDS Judge Arguello

**DENY AS MOOT** Shaw's motion for partial summary judgment [filed July 20, 2020; ECF 70] based on the recommendation to dismiss the individual capacity claim with prejudice.[3]

Respectfully submitted this 10th day of September, 2020, at Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

---

[3] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  Fed. R. Civ. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court.  *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

14

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLORADO.

CIVIL ACTION NO: 1:19-CV-02563-CMA-MEH.


ANDERSON COUTINHO SILVA.

PLAINTIFF

V.

UNITED STATES AND
BRANDON SHAW.

DEFENDANTS

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 25 2020

JEFFREY P. COLWELL
CLERK

OBJECTION TO MAGISTRATE JUDGE MICHAEL E.
HEGARTY RECOMMENDATION.

ARGUMENT:

IT IS DISHEARTING TO READ THE RECOMMENDATION
OF MAGISTRATE JUDGE MICHAEL E. HEGARTY; AS
HE HAS A BETTER UNDERSTANDING OF THE LAWS
GOVERNING HUMAN RIGHTS IN THE UNITED STATES.
THESE
RIGHTS ARE ENDOWED WITH REASON AND CONSCIENCE
AND SHALL BE OF THE GREATEST IMPORTANCE IF
MAN IS NOT TO BE COMPELLED TO HAVE RECOURSE,
AS A LAST RESORT, TO REBELLION AGAINST TYRANNY
AND OPPRESSION. THE FAITH IN FUNDAMENTAL RIGHTS,
IN THE DIGNITY AND WORTH OF THE HUMAN PERSON
AND IN THE EQUAL RIGHTS OF MEN AND WOMEN
HAVE DETERMINED TO PROMOTE SOCIAL PROGRESS
AND A BETTER STANDARD OF LIFE FOR THOSE
THAT AT SOME POINT HAVE BEEN OPPRESSED, AND
VICTIMIZED BY THE LIKES OF DEFENDANT SHAW.
THE
DISREGARD AND CONTEMPT FOR HUMAN RIGHTS MOST

OFTEN HAVE RESULTED IN BARBAROUS ACTS WHICH HAVE OUTRAGED THE CONSCIENCE OF MANKIND. NO ONE SHALL BE SUBJECT TO TORTURE OR CRUEL, INHUMAN OR DEGRADING TREATMENT OR, PUNISHMENT; IF IN THE UNITED STATES EVERYONE HAS THE RIGHT TO LIFE, LIBERTY, AND SECURITY OF PERSON OR, AT LEAST TO BE EQUAL TO DEFENDANT SHAW, BEFORE THE LAW, AND, ARE ENTITLED WITHOUT ANY DISCRIMINATION TO EQUAL PROTECTION OF THE LAW, NO DISTINCTION SHALL BE MADE BETWEEN SAID PLAINTIFF AND DEFENDANT.

IT IS WELL KNOWN THROUGH THE INSTITUTION THAT THE DEFENDANT SHAW, HAS USED HIS POWER AS OFFICER TO DISH OUT PUNISHMENT TO INMATES AS (HE) DEFENDANT SHAW, SEES FIT. DEFENDANT SHAW, HAS HAD MANY COMPLAINTS AGAINST HIM, BUT IN THE NUMEROUS GRIEVANCES AGAINST HIM, NOT ONCE HAS THE B.O.P DISCIPLINE THE DEFENDANT, THIS HAS ONLY ENBOLTEN THE DEFENDANT TO DISREGARD THE CONSTITUTIONAL RIGHTS AND DIGNITY OF INMATES, THE ONLY HOPE AND CHECK OF POWER SAID PLAINTIFF IS HOPING FOR IS THE COURT. THE INSTITUTION GRIEVANCE PROCESS HAS NEVER WORKED SINCE GUARDS WILL NOT DISCIPLINE OTHER GUARDS, THAT IS WHY THE DEFENDANT WANTS NOTHING MORE THAN TO HAVE EVERYTHING STAY IN-HOUSE, WHERE DEFENDANT'S EMPLOYER WILL SWEEP EVERYTHING UNDER THE RUG, WHERE SAID PLAINTIFF WILL NEVER SEE EQUAL JUSTICE.

WITH RESPECT FOR MAGISTRATE JUDGE MICHAEL E. HEGARTY'S, SUPREME COURT ONLY RECOGNIZING THREE - BIVENS CASES. THERE HAVE BEEN NUMEROUS CASES IN THE LOWER COURTS THAT HAVE FOUND GUARDS GUILTY OF VIOLATING INMATES RIGHTS (PLEASE READ) HUDSON V. MCMILLIAN, 503 U.S. 1 (1992) THE COURT

FOUND A VIOLATION OF THE EIGHTH AMENDMENT WHEN PRISON OFFICIALS PUNCHED AND KICKED A PRISONER, LEAVING HIM WITH MINOR BRUISES, SWELLING OF HIS FACE AND MOUTH. THE COURT HELD THAT A GUARD'S USE OF FORCE VIOLATES THE EIGHTH AMENDMENT WHEN IT IS NOT APPLIED "IN A GOOD FAITH EFFORT TO MAINTAIN OR RESTORE DISCIPLINE, BUT INSTEAD IS USED TO MALICIOUSLY AND SADISTICALLY CAUSE HARM"

ESTATE OF DAVIS BY OSTENFELD V. DELO, 115 F. 3d 1388 (8TH CIR 1997). THE COURT FOUND AN EIGHTH AMENDMENT VIOLATION WHEN AN OFFICER REPEATEDLY HIT A PRISONER EVEN THOUGH THE PRISONER HAD IMMEDIATELY OBEYED AN ORDER TO LIE FACE DOWN ON THE FLOOR, AND WAS ALREADY BEING RESTRAINED BY FOUR OTHER OFFICERS.

BROWN V. LIPPARD, 472 F. 2d 384 (5TH CIR. 2006), IN THIS CASE THE PRISONER WAS AREADY HANDCUFFED WHEN HE WAS HIT SEVERAL TIMES IN THE HEAD AND SHOULDERS WHILE IN A KNEELING POSITION.

SAID PLAINTIFF RESPECTFULLY ASKS JUDGE CHRISTINE M. ARGUELLO, BEFORE MAKING A FINAL DECISION ON THIS CASE TO CONSIDER THE FOLLOWING:

(1) THE NEED FOR FORCE WHEN THE INMATE IS AREADY RESTRAINED. (2) WHETHER THE AMOUNT OF FORCE USED WAS NECESSARY AND REASONABLE SINCE THE INMATE WAS AREADY RESTRAINED. (3) HOW SERIOUS THE NEED FOR FORCE WAS SINCE INMATE WAS AREADY RESTRAINED WITH FOUR OFFICIALS ON TOP OF INMATE. (4) WHETHER THE OFFICER MADE ANY EFFORT TO USE AS LITTLE FORCE AS NECESSARY. (5) IF THE OFFICER/S KNEW THAT THERE WAS A SUBSTANTIAL RISK THE INMATE WOULD BE HARMED AND, (6) IF THE OFFICER/S FAILED TO RESPOND REASONABLY TO PROTECT THE INMATE.

SAID PLAINTIFF BELIEVES THAT IF AT LEAST ONE OF THESE SUBJECTIONS ARE YES. THIS CASE SHALL CONTINUE

## Conclu. Tion:

As a Develop Society the Court Cannot Allow Bad Characters as Defendant Shaw, to weaponize his station as an Officer to Dish Out Kangaroo Punishment As he Sees Fit, let said Plaintiff Benefit From The Rule of Equal Law, And The Principles In A Free And Democratic Society. May These Rights And Freedoms In No Case Be Exercised Contrary To The Purposes And Principles of This Great Country.

For all the Matters Set Above, Said Plaintiff Prays This Court Will Continue This Case. I Declare Under Penalty of Perjury That The Foregoing Is True And Correct.

Respectfully Submitted:

Date: Sept 17, 2020

Time: 10:00 AM.

Place: Florence A.D. X

Said Plaintiff Signature.

case 1:19-CV-02563-CMA-MEH Document 68
Filed 09,17,2020 USDC Colorado Page (5) of (5)


CERTIFICATE OF SERVICE

I hereby certify that on SEPTEMBER 22,2020
I have caused the document or Paper to Be,
mailed or served on the following non CM/EF
Participants by U.S. mail:


Anderson
SIGNATURE

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 19-cv-02563-CMA-MEH

ANDERSON COUTINHO SILVA,

     Plaintiff,

v.

UNITED STATES OF AMERICA, and
BRANDON SHAW,

     Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the September 10, 2020 Recommendation of

United States Magistrate Judge (Doc. # 96), wherein Magistrate Judge Michael E.

Hegarty recommends that the United States of America and Brandon Shaw's

(collectively, "Defendants") Motion to Dismiss (Doc. # 68) should be granted and,

therefore, Defendant Shaw's Motion for Partial Summary Judgment (Doc. # 70) should

be denied as moot. Plaintiff, proceeding *pro se*, timely objected to the

Recommendation. For the following reasons, the Court adopts the Recommendation.

## I.      <u>BACKGROUND</u>

Judge Hegarty's Recommendation provides a recitation of the factual and

procedural background of this dispute and is incorporated herein by reference. *See* 28

U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only what is necessary to address Plaintiff's objection to the Recommendation.[1]

Plaintiff is a federal inmate at the United States Penitentiary in Florence, Colorado ("USP Florence"). Plaintiff alleges that Defendant Shaw entered his prison cell as Shaw was completing cell rotations. (Doc. # 21 at 5.) Shaw assaulted Plaintiff out of the view of any cameras while completely inside Plaintiff's cell. Plaintiff "was in restraints" at the time of the assault. Shaw slammed Plaintiff "on the floor in the show[e]r" and jumped on Plaintiff's back using his knee. Shaw requested assistance, and C.O. J. Welch, D. Keehan, and J. Bonetto arrived in response. Plaintiff suffered injuries to his back, right leg, and left hand. Shaw's coworkers attempted to conceal the assault by claiming Plaintiff tried to assault staff while he was in handcuffs. (*Id.*)

Plaintiff initiated this case by filing his original, *pro se* complaint on September 9, 2019. (Doc. # 1.) The operative complaint in this case was filed on December 2, 2019 ("Complaint"). (Doc. # 21.) Liberally construed, Plaintiff asserts the following claims in his Complaint: (1) an Eighth Amendment excessive force claim against Defendant Shaw in his individual capacity under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); (2) a claim for prospective injunctive relief against Defendant Shaw in his official capacity based on alleged fear of future harm; and (3) a claim for prospective injunctive relief against the United States based on alleged fear of future harm. *See* (Doc. ## 26,

---

[1] The Court draws the following factual allegations from the Complaint (Doc. # 21) and assumes they are true for the purposes of the instant Motion to Dismiss. *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991) ("A court reviewing the sufficiency of a complaint presumes all of [a] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff.").

2

28).[2] Plaintiff seeks ten million dollars in damages, for all officials to be disciplined, and to be "removed" from USP Florence. (Doc. # 21 at 7.)

On July 13, 2020, Defendants filed the instant Motion to Dismiss, in which they assert that Plaintiff's individual-capacity claim against Defendant Shaw should be dismissed under Fed. R. Civ. P. 12(b)(6) for lack of a *Bivens* remedy, and that Plaintiff's claims for injunctive relief against Defendant United States of America and Defendant Shaw in his official capacity fail for lack of standing under Fed. R. Civ. P. 12(b)(1). *See generally* (Doc. # 68). On July 20, 2020, Defendant Shaw individually filed the instant Partial Motion for Summary Judgment, wherein he seeks summary judgment on Plaintiff's Eighth Amendment excessive force claim against him in his individual capacity. (Doc. # 70.) This Court referred both motions to Judge Hegarty, who issued his Recommendation on September 10, 2020. (Doc. ## 69, 73, 96.) Plaintiff timely filed an Objection to Magistrate Judge Michael E. Hegarty Recommendation ("Objection"). (Doc. # 99.) Defendants filed a Response. (Doc. # 101.)

## II.    LEGAL STANDARDS

### A.    REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de*

---

[2] In his Complaint, Plaintiff also stated claims against then-Defendants D. Keehan, J. Welch, and J. Bonetto. On December 17, 2019, Magistrate Judge Gordon P. Gallagher issued a recommendation to dismiss said Defendants without prejudice for Plaintiff's failure to comply with Fed. R. Civ. P. 8 and to dismiss without prejudice any monetary claims against Defendant United States, or against Defendant Shaw in his official capacity, based on sovereign immunity. (Doc. # 26.) Senior Judge Lewis T. Babcock adopted Judge Gallagher's recommendation on January 10, 2020. (Doc. # 28.) Accordingly, Plaintiff's remaining claims are asserted against Defendant United States of America and Defendant Shaw as described herein.

3

*novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In the absence of a timely objection, however, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

**B.    *PRO SE* PLAINTIFF**

Plaintiff proceeds *pro se*. The Court, therefore, reviews "his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S.*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.

1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Nor does *pro se* status entitle a litigant to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## C.     FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of [a] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is **plausible** on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of

truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

### III.   **DISCUSSION**

The Court's analysis will proceed in two steps. First, the Court will review the portions of the Recommendation to which neither party objects in order to determine whether there are any clear errors in Judge Hegarty's findings and conclusions. Second, the Court will conduct a *de novo* review of the portion of the Recommendation to which Plaintiff objects.

### A.   **CLEAR ERROR REVIEW**

Neither party objected to the following determinations by Judge Hegarty:

1. that Plaintiff has failed to allege a threat of injury to Plaintiff by Defendant Shaw, any other prison official, or Defendant United States of America that is

real and immediate, as opposed to conjectural or hypothetical (Doc. # 96 at 7);

2. that, therefore, Plaintiff's claims for injunctive relief against Defendant Shaw in his official capacity and against the United States should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of standing to sue for injunctive relief (*id.* (first quoting *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991); then quoting *Redmond v. Crowther*, 882 F.3d 927, 942 (10th Cir. 2018))); and

3. that the Court should not extend *Bivens* to cover Plaintiff's excessive force claim against Defendant Shaw in his individual capacity in this case because potential alternative remedies and special factors exist that weigh against extending *Bivens* (*id.* at 9–11).

The Court has reviewed the relevant pleadings concerning the above claims as well as the Recommendation. Based on this review, the Court concludes that Judge Hegarty's thorough and comprehensive analyses and recommendations are correct, and "there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note. Therefore, the Court adopts the applicable portions of the Recommendation, and grants in part and denies in part Defendants' Motion to Dismiss in accordance with said portions of the Recommendation. *See Summers*, 927 F.2d at 1167 (explaining that in the absence of a timely objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate."). Plaintiff's claims for injunctive relief against the United States and Defendant Shaw in his official capacity are dismissed for lack of standing under Fed. R. Civ. P. 12(b)(1).

**B.** *DE NOVO* **REVIEW**

Liberally construing Plaintiff's Objection, the Court finds that Plaintiff objects to the Recommendation to the extent it concludes that Plaintiff's Eighth Amendment excessive force claim against Defendant Shaw in his official capacity should be dismissed for lack of a *Bivens* remedy.[3] Plaintiff asserts that his excessive force claim against Defendant Shaw should be allowed to proceed in this case because courts have previously recognized excessive force claims brought by prisoners against prison officials. Accordingly, the Court construes Plaintiff's Objection to dispute Judge Hegarty's findings and conclusions with respect to whether Plaintiff's excessive force claim presents a new *Bivens* context under the first step of the two-step test articulated by the Supreme Court in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). The Court agrees with Judge Hegarty's conclusion that Plaintiff's excessive force claim should be dismissed for lack of a *Bivens* remedy.

1.   Applicable Law

In *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the Supreme Court recognized "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights" in the context of a Fourth Amendment unreasonable search and seizure claim. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66

---

[3] Plaintiff also raises additional allegations concerning Defendant Shaw's conduct at USP Florence that are not included in his Complaint. It is well established that Plaintiff may not amend his Complaint by adding factual allegations in response to Defendants' Motion to Dismiss or through objections to the Recommendation. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (holding that a court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint) (citation omitted); *Wilson v. Jenks*, Case No. 12–CV– 02495–RM–KMT, 2014 WL 6515336, at *4 (D. Colo. Nov. 20, 2014) (same). Therefore, the Court declines to consider new factual allegations raised for the first time in Plaintiff's Objection.

(2001). In doing so, the Supreme Court "held that a right of action to enforce the [F]ourth [A]mendment affirmatively *does* exist, even though neither the [F]ourth [A]mendment itself nor any statute enacted by Congress expressly says as much." LARRY W. YACKLE, Federal Courts 260 (3d ed. 2009) (citing *Bivens*, 403 U.S. at 395–97). Since 1971, the Supreme Court has expanded the scope of *Bivens* only twice. *See Davis v. Passman*, 442 U.S. 228 (1979) (involving Fifth Amendment equal protection claim); *see also Carlson v. Green*, 446 U.S. 14 (1980) (involving Eighth Amendment failure to provide adequate medical care claim). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 137 S. Ct. at 1855.

In *Ziglar v. Abbasi*, the Supreme Court made clear that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id*. at 1857 (citation omitted). The Court adopted a two-step test to determine when *Bivens* may apply in unrecognized contexts. At step one, courts must determine whether a claim presents a "new *Bivens* context." *Id*. at 1859. "If the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court, then the context is new." *Id*. By way of example, the Court noted that

> [a] case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id*. at 1860. Additionally, the context may be different "[e]ven though the right and the

mechanism of injury [are] the same . . . ." Thus, a single meaningful difference in "almost parallel circumstances" is sufficient to satisfy the first step of the *Ziglar* test, and the "new context inquiry is easily satisfied." *Id*. at 1860, 1865.

If a court finds that a claim presents a new *Bivens* context, the analysis moves to step two—i.e., a determination of whether there are "special factors counselling hesitation in the absence of affirmative action by Congress." *Id*. at 1857 (citation omitted). If such factors exist, the court should not extend "a *Bivens*-type remedy" to the claim at issue. *Id*. at 1859. The Court instructed that

> the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action. Thus, to be a "special factor counselling hesitation," a factor must cause a court to hesitate before answering that question in the affirmative.

*Id*. at 1857–58. The Court indicated that, when lower courts conduct the "special factors" analysis, they should consider whether there are "alternative remedies available or other sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy . . . ." *Id*. at 1865 (internal quotation marks omitted). The Court reframed the "special factors" inquiry as a question of "'who should decide' whether to provide for a damages remedy, Congress or the courts?" and explained that the "answer will most often be Congress." *Id*. at 1857. Thus, step two of the *Ziglar* test creates a low bar for defendants and a high bar for plaintiffs.

  2.   Application

    a.   *Step one of the Ziglar test*

In the instant case, the Court agrees with Judge Hegarty's conclusion that Plaintiff's Eighth Amendment excessive force claim against Defendant Shaw presents a

new *Bivens* context under *Ziglar*. As explained above, the Supreme Court has recognized an implied cause of action for damages in three contexts only—i.e., a Fourth Amendment unreasonable search and seizure claim (*Bivens*), a Fifth Amendment equal protection claim (*Davis*), and an Eighth Amendment failure to provide adequate medical care claim (*Carlson*). Plaintiff's excessive force claim against Defendant Shaw asserts a different constitutional right than *Bivens*, *Carlson*, or *Davis*. This meaningful difference is sufficient to satisfy the first step of the *Ziglar* test. *See, e.g.*, *Ziglar*, 137 S. Ct. at 1865 (finding plaintiff's Eighth Amendment claim for failure to provide adequate medical care presented a different *Bivens* context from the same claim in *Carlson* on the basis that one case involved federal prison officials and the other involved a private prison operator).

In arguing that his claim against Defendant Shaw should be allowed to proceed in this case, Plaintiff cites to three cases for the proposition that courts have previously recognized excessive force claims brought by prisoners against prison officials. (Doc. # 99 at 2–3.) Importantly, each case cited by Plaintiff involved claims brought by a state prisoner, as opposed to a federal prisoner. *See Hudson v. McMillian*, 503 U.S. 1, 4 (1992) (petitioner brought excessive force claim under 42 U.S.C. § 1983 for events that occurred while he was incarcerated in a state penitentiary); *Brown v. Lippard*, 472 F.3d 384, 386 (5th Cir. 2006) (same); *Estate of Davis by Ostenfeld v. Delo*, 115 F.3d 1388, 1390 (8th Cir. 1997) (same). As all three cases were brought under § 1983 by state prisoners, they did not involve a *Bivens* analysis and are inapposite to this case.

     *b.  Step two of the Ziglar test*

The Court notes that Plaintiff did not specifically object to Judge Hegarty's findings or conclusions with respect to step two of the *Ziglar* test. Nonetheless, the Court has reviewed the matter *de novo* and further agrees with Judge Hegarty's conclusion that special factors in this case counsel against extending a *Bivens* remedy.

The Supreme Court has indicated that when lower courts conduct the "special factors" analysis, they should consider whether alternative remedies exist. "[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action[,]" for Congress' creation of 'any alternative, existing process for protecting the [plaintiff's] interest' . . . may 'amoun[t] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.'" *Ziglar*, 137 S. Ct. at 1858 (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)).

In this case, alternative remedies exist for Plaintiff. First, Plaintiff may file a grievance against Defendant Shaw through the Bureau of Prisons' ("BOP") Administrative Remedy Program. The Supreme Court has previously recognized BOP's Administrative Remedy Program as an adequate alternative remedy to *Bivens*. *See Malesko*, 534 U.S. at 74 (declining to extend *Bivens* remedy to plaintiff who had "full access to remedial mechanisms established by the BOP, including . . . grievances filed through the BOP's Administrative Remedy Program[,] . . . [which] provides yet another means through which allegedly unconstitutional actions and policies can be brought to the attention of the BOP and prevented from recurring."). Consistent with the Supreme Court's reasoning in *Malesko*, courts in this district have found the BOP Administrative

Remedy Program to be an alternative remedy that counsels against extending *Bivens*. *See Ajaj v. Fed. Bureau of Prisons*, 15-cv-00992-RBJ-KLM, 2017 WL 219343, at *2–3 (D. Colo. Jan. 17, 2017); *Lovett v. Ruda*, 17-cv-02010-PAB-KLM, 2018 WL 4659111, at *8 (D. Colo. Sept. 28, 2018). Moreover, Plaintiff may assert a claim against Defendant Shaw through the Federal Tort Claims Act. *See Turkmen v. Ashcroft*, No. 02CV2307DLISMG, 2018 WL 4026734, at *10 (E.D.N.Y. Aug. 13, 2018) (collecting cases that have declined to permit *Bivens* claims to proceed because the FTCA provides an adequate alternative remedy); *see also Morgan v. Shivers*, No. 1:14-CV-7921-GHW, 2018 WL 618451, at *5-6 (S.D.N.Y. Jan. 29, 2018) (declining to extend *Bivens* to pre-trial detainee's Fifth Amendment excessive force claim because the FTCA provides an alternative remedy). These alternative remedies constitute special factors that weigh against extending a *Bivens* remedy to Plaintiff's excessive force claim. Accordingly, pursuant to *Ziglar*, the Court declines to extend *Bivens* to create an implied private action for damages in this case.

## IV.   **CONCLUSION**

For the foregoing reasons, it is ORDERED as follows:

- the September 10, 2020 Recommendation of United States Magistrate Judge (Doc. # 96) is AFFIRMED AND ADOPTED as an Order of this Court;

- Defendants' Motion to Dismiss (Doc. # 68) is GRANTED;

- Plaintiff's claims for injunctive relief against Defendant United States of America and Defendant Shaw, in his official capacity, are DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing;[4]

- Plaintiff's Eighth Amendment excessive force claim against Defendant Shaw in his individual capacity is DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(6) for lack of a *Bivens* remedy;[5]

- Defendant Shaw's Partial Motion for Summary Judgment (Doc. # 70) is DENIED AS MOOT; and

- The Clerk of Court is directed to close this case.

DATED: December 29, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

[4] Dismissal for lack of jurisdiction, including lack of standing, must be without prejudice. *See, e.g., Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006); *Albert v. Smith's Food & Drug Ctrs., Inc.,* 356 F.3d 1242, 1249 (10th Cir. 2004); *Martinez v. Richardson,* 472 F.2d 1121, 1126 (10th Cir. 1973) ("It is fundamental . . . that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore . . . must be without prejudice.").

[5] Whether there is a *Bivens* remedy for Plaintiff's Eighth Amendment excessive force claim against Defendant Shaw is a question of law. Accordingly, the deficiencies in Plaintiff's excessive force claim cannot be cured by further amendment of his Complaint, and dismissal with prejudice is warranted. *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (explaining "amendment is futile if the complaint, as amended, would be subject to dismissal.").

14

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 19-cv-02563-CMA-MEH

ANDERSON COUTINHO SILVA,

     Plaintiff,

v.

UNITED STATES OF AMERICA, AND
BRANDON SHAW,

     Defendants.

---

**FINAL JUDGMENT**

---

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

Pursuant to the ORDER ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE, Doc No. 103 of Judge Christine M. Arguello entered on December 29, 2020 it is

ORDERED that Recommendation of United States Magistrate Judge (Doc. No. 96) is AFFIRMED and ADOPTED.   It is

FURTHER ORDERED that Defendants' Motion To Dismiss (Doc. No. 68) is GRANTED.   It is

FURTHER ORDERED that the Plaintiff's claims for injunctive relief against Defendant United States of America and Defendant Brandon Shaw, in his official capacity, are DISMISSED WITHOUT PREJUDICE pursuant to Fed.R.Civ.P. 12(b)(1) for lack of standing.   It is

FURTHER ORDERED that the Plaintiff's Eighth Amendment excessive force claim against Defendant Brandon Shaw, in his individual capacity, is DISMISSED WITH PREJUDICE pursuant to Fed.R.Civ.P. 12(b)(6) for lack of a *Bivens* remedy.   It is

FURTHER ORDERED that Defendant Brandon Shaw's Parial Motion for Summary Judgment (Doc. No. 70) is DENIED AS MOOT.   It is

FURTHER ORDERED that the Clerk of Court close this case.

Dated at Denver, Colorado this 29th day of December, 2020.

FOR THE COURT:
JEFFREY P. COLWELL, CLERK

By:   s/   *B. Abiakam*

B. Abiakam
Deputy Clerk

Anderson coutinho-SILVA
Plaintiff.

Civil Action No.19-CV-02563-
CMA-MEH

v.

united States of America. and
Brandon Shaw.
Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 13 2021

JEFFREY P. COLWELL
CLERK

## NOTICE OF APPEAL

Plaintiff, Anderson coutinho SILVA, Pro se,
hereby Appeals The order: Granting Defendants
motio To. dismiss (Doc.#96) entered on
December 29.2020 in the united states
district court for the distrit of colorado
Judge Christine m. arguello.

Date: January, 4/2021   Signature: Anderson

Anderson coutinho-SILVA# 61654-066
USP. florence ADmAX
P.O. Box 8500
florence, co. 81226

( 1 of 1 )

**CERTIFICATE OF SERVICE**

I certify that on August 30, 2021, I electronically transmitted the foregoing

appendix to the Clerk of the Court using the appellate CM/ECF System, causing it to

be served on counsel of record, who are all registered CM/ECF users.

/s/    *Elizabeth R. Cruikshank*
Elizabeth R. Cruikshank